No. 19,528.

THE STATE OF KANSAS, *Appellee*, v. CLARENCE COMPTON, *Appellant*.

SYLLABUS BY THE COURT.

1. LIQUOR LAWS—*"Persistent Violators"*—*Form of Information*. An information, under chapter 165 of the Laws of 1911, the prohibitory liquor law felony act, may properly charge numerous violations of the law, each in a separate count.

2. SAME—*Submission of Evidence to Jury*. The court may submit to the jury as many counts of such an information as there is evidence to support.

3. SAME—*"Shifts and Devices" in Sale of Liquors—Applies to Prosecution of "Persistent Violators."* Section 4372 of the General Statutes of 1909, concerning shifts and devices in the sale of intoxicating liquor, is a part of the prohibitory liquor law of this state, and applies to those who persist in violating that law, after having been convicted thereunder.

4. PRACTICE—*Qualification of Juror—No Abuse of Judicial Discretion.* A challenge to a juror, for cause, is properly overruled, when the court is satisfied that the juror is competent, although the juror may state on his examination that he has some impression not amounting to a fixed opinion, but states that he will try the case on the evidence.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed March 6, 1915. Modified.

*Emory W. Earhart,* of Winfield, for the appellant.

*S. M. Brewster,* attorney-general, and *J. A. McDermott,* county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted on five separate counts, in one information, of being a persistent violator of the prohibitory liquor law, and was sentenced to one year in the penitentiary on each count, in all five years. The defendant appeals, and urges:

1. Error in denying the motion to quash information.

2. Error of the court in instructing jury.

3. Error in overruling a challenge to a juror.

The matters complained of in the instructions are:

(*a*) Instructing the jury that they might find the defendant guilty on the first, second, third, fifth, and sixth counts of the information.

(*b*) In not instructing the jury that these counts constituted but one offense.

(*c*) In instructing the jury concerning the giving away of intoxicating liquor as a shift or device, etc.

No other error is pointed out. No special instructions were asked.

1. In *The State v. Briggs,* ante, p. 92, 145 Pac. 866, this court said:

"Under chapter 165 of the Laws of 1911 a sale of liquor or the maintenance of a nuisance in violation of the prohibitory law by one who is shown to have pre-

viously violated such law is deemed to constitute such person a persistent violator.

"Whether such repeated violations be few or many as shown by the evidence on the trial of a charge consisting of one or many counts they constitute not many offenses but one, the penalty for which is imprisonment in the penitentiary at hard labor for not more than one year." (Syl. ¶¶ 1, 2.)

In *The State v. Shiffler,* 93 Kan. 618, 144 Pac. 845, this court said:

"When called upon to prosecute a persistent violator of the prohibitory law under the statute relating to that subject (Laws 1911, ch. 165, § 1), the county attorney is not obliged to rest his case upon the evidence he may procure relating to some single violation occurring subsequent to a conviction. He may allege in a single count, or in several counts, as many subsequent violations as he may be informed of, and he may go to the jury, without being required to elect, upon all the proof he has. He must establish one to warrant a verdict of guilty, but any one will be sufficient, and whether he establish one or more than one, he has simply proved the defendant to be a persistent violator guilty of a single offense, or an entire offense, to which a single penalty is affixed." (Syl.)

Each count of the information now attacked sufficiently charges an offense under the law. The complaint is that all the counts of the information charge but one offense, and that the motion should have been sustained for that reason. The same question was urged in *The State v. Shiffler,* above cited, with the result shown in the quotation above set out. The motion to quash was properly denied.

2. The next matters of complaint concern the instructions to the jury. The first of these is the same as that embraced in the motion to quash. In *The State v. Briggs,* supra, where the defendant had been convicted on two counts, and sentenced to the penitentiary for one year on each count, this court did not reverse the judgment and grant a new trial, but directed the trial court to set aside the judgment on the second count.

3. Complaint is made of an instruction to the jury concerning giving away intoxicating liquor, as a shift or device, for the purpose of evading the provisions of the prohibitory liquor law. It is claimed that this provision of the statute (Gen. Stat. 1909, § 4372) has no application to prosecutions for a felony. This section is a part of the prohibitory liquor law of this state. A person can commit an offense against that law by shift or device, and it does not make any difference whether it, is the first offense or the last, nor whether the offender has been prosecuted and convicted before or not. He can make a sale of intoxicating liquor through some shift or device, in committing a misdemeanor, or in committing a felony. A felony does not consist in the manner in which the offense is committed, but in the commission of the offense after having been convicted. This instruction was proper.

4. Complaint is made that the court overruled defendant's challenge to juror Keasling. This juror, on his examination by counsel, testified that he had heard of the case; that he might have formed some impression but had no opinion concerning it; that the fact that the defendant was in court charged with violation of the law is a little weight, but he formed no opinion from that, but from that he did receive an impression that would take evidence to remove. However, on being questioned by the court, he testified positively that he would try the case on the evidence, and that the fact that the defendant was in court charged with an offense would not cut any figure with him in weighing the testimony.

In *The State v. Molz,* 91 Kan. 901, 139 Pac. 376, we find this:

"Gillock testified, among other things, on his examination that he had formed such an opinion in the case as would require some evidence to remove; that he did not believe he could go into the trial with as fair and unbiased an opinion as he would have if he had not heard of the case; that he thought he had an opinion

based to a certain extent upon statements that had been made to him by parties who purported to know the facts; that notwithstanding what he had heard he thought he could sit as a juror in the trial of the case and be governed according to the law and the evidence and render a fair and impartial verdict. . . . After all that has been said and written on the subject, the question of the competency of a juror is a question of fact to be determined by the court, and unless it is evident that the court has made a mistake to the prejudice of the accused, its decision as to such qualification should not be reversed." (p. 902.)

The court tried the question of the competency of this juror, and overruled the defendant's challenge. We do not think there is any error in this. (*The State v. Spalding,* 24 Kan. 1; *The State v. Rogers,* 54 Kan. 683, 687, 39 Pac. 219; *The State v. Labore,* 80 Kan. 664, 103 Pac. 106; *The State v. Stewart,* 85 Kan. 404, 116 Pac. 489; *The State v. Pearce,* 87 Kan. 457, 124 Pac. 814.)

Following *The State v. Briggs,* ante, p. 92, 145 Pac. 866, the judgment in this case should be affirmed as to the first count, and the sentence set aside as to the remaining counts, upon which the defendant was convicted. This is the judgment of this court.

DAWSON, J., not sitting.

MARSHALL, J. (concurring specially): I concur in the judgment of the court, not because I believe a persistent violator of the prohibitory liquor law can be sentenced for but one offense, no matter how many counts he may be convicted on, or how many violations he may commit, but because this court has already declared that to be the law.