Forbes v. Madden.

---

No. 20,214.

W. M. FORBES, *Appellee,* v. JOHN C. MADDEN, *Appellant,* et al.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Competency—Written Indorsement on Note—Fraud.* In a written contract for the sale of land, the purchaser agreed to transfer certain notes of which he was payee as a part of the purchase price. After the transfer had been completed, these words, "Protest and notice of protest waived and payment guaranteed," appeared on the back of the notes above the signature of the payee. He contended that the words were fraudulently put on the back of the notes after he had signed them. Evidence to show when the words were written was competent.

2. SAME—*Admissibility—Unsigned Memorandum.* An unsigned written memorandum can not be introduced in evidence against a party, where it is not shown that the party knew anything about it, ever saw it, or ever had anything to do with it.

3. APPEAL ANE ERROR—*Question Taken from Jury—Finding by Court.* A personal judgment on guaranteed promissory notes will not be reversed because the court took from the jury the question of whether or not the notes were guaranteed as part of the purchase price for land, and found that the indebtedness represented was the balance of the obligation contracted for the purchase of the land.

4. EVIDENCE—*Alteration of Note—Burden of Proof.* In an action by the payee of promissory notes against a guarantor thereof, where one of

the defenses is that the notes sued on were given to take the place of other notes endorsed by the grantor to the plaintiff, that the endorsements on the original notes were fraudulently altered after being signed, and that the guarantor of the notes sued on did not know of the alterations until after he had signed the guaranty on the new notes, it is not error to instruct the jury that the defendant is not discharged from liability unless the alterations were made by the plaintiff or by his authority and that the burden is on the defendant to show the alterations by a preponderance of the evidence.

5. JURY—*Competency of Juror—Indebted to One Party.* It is not error to overrule a challenge to a juror for cause, where it appears that the juror is indebted to one of the parties to the action.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed July 8, 1916. Affirmed.

*J. M. Stark,* of Topeka, for the appellant.

*J. B. Larimer,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Defendant John C. Madden appeals from a judgment against him on promissory notes.

In 1912 Madden owned a gas and electric fixtures store in Topeka and sold it to William H. and Arthur Tucker, who gave him four notes therefor, each for the sum of $1101, payable in monthly installments of $183.50. Madden purchased some land of the plaintiff and his son, and as part of the purchase price therefor gave to the plaintiff three of these notes. The notes were signed by Tucker Electric Company, Arthur Tucker, and W. H. Tucker. Afterward the Tuckers desired to reduce the amount of monthly payments and extend the time of payment of these notes. This was agreed to by the plaintiff on the condition that defendant Madden would sign the new notes the same as he had the original notes. On each of the new notes defendant Madden signed the following:

"In consideration of the cancellation and surrender of the original notes on which I was an endorser I hereby guarantee the payment of above note."

The original notes had written on the backs thereof, and signed by defendant John C. Madden the following: "Protest and notice of protest waived and payment guaranteed." Madden contended that this writing was fraudulently made, with-

out his knowledge, after he had signed his name on the backs of the notes, and that he did not know of the writing at the time he signed the guaranty on the new notes. The plaintiff contended that the writing was put on the notes in the presence of Madden and signed by him after being written. This question was submitted to the jury upon conflicting evidence, and the jury found against him.

1. Madden contends that the court erred in admitting evidence to show that the words "Protest and notice of protest waived and payment guaranteed," were on the notes at the time they were signed by him. This argument is based on the theory that this evidence tended to contradict the terms of the written contract for the sale of the land by the plaintiff to Madden. In this contract the notes were described, but nothing was said about the manner in which the notes were to be transferred to the plaintiff or the obligation that would be incurred by Madden in such transfer. This contention is not good. The evidence did not concern the original written contract in any way. The evidence concerned the notes. The dispute was not over the original contract. It was over the notes. The evidence on the one side said the writing was on the notes when they were signed by Madden; and on the other side that it was not on the notes when signed by him. The evidence was competent for the purpose of determining that question. Madden first introduced evidence concerning the writing on the notes. If it was evidence to vary, contradict, or add to the terms of the written contract, Madden was the first one guilty of violating the rule; and he ought not now complain. The plaintiff's evidence was in rebuttal of that introduced by Madden.

2. Another complaint is that the court rejected evidence concerning a certain written memorandum which Madden claimed to have received from the Tuckers when they sent him the new notes for his signature. The memorandum was not signed. The evidence did not show that the plaintiff knew anything about it or ever saw it, or had anything whatever to do with it. It was properly excluded. The memorandum was not introduced on the motion for a new trial. It is not before us. The judgment can not be reversed because of its exclusion. (*Scott v. King,* 96 Kan. 561, 567, 152 Pac. 653.)

3.  Another complaint is that the court erred in taking from the jury the question of whether or not the notes sued on were guaranteed by Madden as part of the purchase price for the land received from the plaintiff, and in rendering judgment that Madden did guarantee the new notes for that purpose. The court found that the indebtedness, $2985, the amount of the judgment, was the balance of the obligation contracted by defendant Madden for the purchase of the real property, and rendered a simple personal judgment against Madden for that amount, with interest. The petition asked for personal judgment on the notes. Judgment was rendered as prayed for. The finding of the court on which complaint is made was correct and supported by evidence.

4.  It is next contended that the court erred in giving an instruction that the jury could not find that defendant Madden was discharged by the alteration of the original notes, if any was made, unless such alteration was made by the plaintiff or was made by his authority. There was no evidence to show that any one other than the plaintiff or some one under his direction, altered the notes, if they were altered. The instruction fitted the evidence. Another instruction was that it was not to be presumed that the plaintiff altered the notes or that he caused such alteration to be made; that the burden of proof was on Madden to establish the alteration by a preponderance of the evidence. The instruction correctly stated the law.

5.  It is finally argued that there was error in overruling a challenge to a juror for cause. It appeared in the examination of one of the jurors that he was a borrower from the plaintiff and that his home was covered by a mortgage to secure the loan. Defendant Madden exhausted his peremptory challenges and complains that this juror should have been excused for cause. The statute does not make this a ground of challenge. To the trial court is committed the responsibility of securing a fair jury under the rules laid down in the statute; and unless an abuse of discretion is shown, or unless it is shown that a prejudiced jury was obtained, the rulings of a court on the competency of jurors will not be disturbed.

The judgment is affirmed.