No. 21,095.

W. M. FORBES, *Appellee*, v. JOHN C. MADDEN, *Appellant*, et al.

SYLLABUS BY THE COURT.

INJUNCTION—*Restraining Enforcement of Mandate of Supreme Court— Application Without Merit—Case Dismissed.* On a former appeal the judgment in this case was affirmed (*Forbes v. Madden*, 98 Kan. 559, 158 Pac. 850), and in due time the mandate was sent down and spread on the record. Thereafter defendant applied to the district court for an injunction to restrain the enforcement of the mandate and to have the district court pass upon the decision of this court and determine whether it was legally rendered. The district court held that it is without power to restrain and enjoin judgments and orders of the supreme court. The appeal from this ruling being without semblance of merit, it is dismissed at the costs of defendant.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 8, 1917. Dismissed.

*J. M. Stark*, of Topeka, for the appellant.
*J. B. Larimer*, of Topeka, for the appellee.

Forbes v. Madden.

The opinion of the court was delivered by

PORTER, J.: Originally the action was one by plaintiff to recover from defendant upon certain promissory notes. The district court on December 21, 1914, rendered judgment against the defendant in plaintiff's favor. On appeal to this court the judgment was affirmed (*Forbes v. Madden,* 98 Kan. 559, 158 Pac. 850). In due course the mandate directing that the judgment be affirmed was sent down to the district court and spread on the record.

Thereafter the defendant filed an application in the district court asking for a restraining order and injunction to prevent the enforcement of the mandate and to restrain the plaintiff from proceeding against him and his sureties upon the supersedeas bond. He now comes to this court on appeal claiming that the district court erred in refusing to grant him the relief.

It is not contended, and cannot be, that the mandate is ambiguous. The defendant is still dissatisfied with the original judgment of the trial court and with the decision and opinion of this court affirming that judgment. This is the real grievance of which he complains. In his application for the injunction he asked to have the district court pass upon the decision of this court and determine whether it was legally rendered in substantial compliance with the code of procedure, and whether the opinion and mandate violated the rights of the defendant and deprived him of property without due process of law, and denied to him the equal protection of the laws as guaranteed by the constitution of the United States. A mere statement of the facts is sufficient to show that the proceeding cannot be maintained. It is not necessary in this proceeding to construe section 592 of the civil code, which makes it the duty of the justices of the supreme court to prepare and file with the papers in each case "full notes of the opinion of the court upon the questions of law arising in the case," or the provision of section 593 requiring a written syllabus of the points of law decided in each case. The defendant has had his day in court. The judgment of the district court was affirmed, and every point sought to be raised by him in this proceeding was necessarily included in and determined against him when his

petition for rehearing was denied. The mandate directed the district court to affirm the judgment, and there remained nothing for that court to do but to obey. When the petition for rehearing was denied the judgment became final and conclusive as to all. questions sought to be raised by this proceeding. If defendant was not satisfied with the decision and opinion on the former appeal; if he believed that any of his constitutional rights were infringed, the only method of redress left for him, in case this court refused to reopen the cause, was by appeal to the supreme court of the United States. The district court is without power to restrain or enjoin judgments and orders of the supreme court. The appeal being without semblance of merit, it is dismissed at the costs of defendant.