Hiatt v. Uhrich.

---

No. 23,669.

W. A. HIATT, *Appellee*, v. O. W. UHRICH et al., *Appellants*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries—Partial Disability—Measure of Compensation.* The proceedings in an action for compensation examined, and *held,* the plaintiff was entitled to compensation for permanent partial disability of his hand, in addition to schedule compensation for loss of two fingers.
2. SAME—*No Consent to Arbitration.* A finding that the defendant did not consent to arbitration, approved.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 8, 1922. Affirmed.

*W. N. Banks, O. L. O'Brien,* and *W. L. McVey,* all of Independence, for appellants.

*J. D. Brown,* of Independence, and *Charles D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation for personal injuries, sustained by the plaintiff in the course of employment by the defendants. The plaintiff recovered, and the defendants appeal.

The jury returned the following special findings of fact:

"Q. 1. What injury, if any, do you find plaintiff received to his first and second fingers and to his thumb of his left hand, by reason of the accident in controversy? A. (a) To his first finger? Lost entire finger. (b) To his second finger? Lost entire finger. (c) To his thumb? Lost at least 50% use of thumb.

"Q. 2. Do you find that the plaintiff is now suffering from any injury resulting from said accident and the infection resulting therefrom, with respect to: (a) His thumb? A. Yes. (b) His third finger? A Yes. (c) His fourth or little finger? A. Yes. (d) His hand? A. Yes. (e) To his forearm? A. Yes.

"Q. 3. Do you find that plaintiff's hand, independent of the injury to the first and second fingers, is injured as a result of infection which was caused by the accident in controversy? A. Yes.

"Q. 4. Do you find that plaintiff sustained an injury to his hand, independent of the injury to his first and second fingers, of such a nature that he suffered therefrom a total incapacity to work for any length of time? If so, for how long did said total incapacity to work continue? A. Yes. Four months.

"Q. 5. After said total incapacity to work, if any, ceased, do you find that plaintiff then had a partial incapacity to work or to earn wages, caused by said injury or the resulting infection, independent of the disability caused by the loss of part of his first and second fingers? A. Yes.

"Q. 6. If you find that plaintiff has sustained such partial incapacity to work or earn wages: (a) Is such partial incapacity to work permanent? A. Yes. (b) If not permanent, how long will it continue? A. ————. (c) What is the degree of said partial incapacity? A. At least 50%.

"Q. 7. Do you find that the defendant, O. W. Uhrich, denied to plaintiff any liability under the compensation act? A. Yes.

"Q. 8. Do you find that the defendant, O. W. Uhrich, advised the plaintiff that he would not consent to arbitrate plaintiff's claim so long as he employed Mr. J. D. Brown as his attorney? A. Yes.

"Q. 9. Do you find that the defendant, within the meaning of these instructions, refused to consent, in writing, to arbitrate plaintiff's claim for compensation? A. Yes.

"Q. 10. What expense do you find that the plaintiff has incurred for medical attention and hospital bills during the 50 days which followed his accident? A. $166.

"Q. 11. What was the average week wage of a cutter for the year prior to December 6, 1919? A. $22.50.

"Q. 12. State what per cent of the use of the left hand plaintiff still has. A. 25%.

Hiatt v. Uhrich.

"Q. 13. Is plaintiff's earning capacity greater by reason of his left hand being in the condition that it now is, than if said hand had been amputated at the wrist? A. Yes."

The court included in the judgment compensation for permanent partial disability, in addition to schedule compensation for loss of fingers. The amount was much greater than the schedule compensation for loss of a hand. The statute provides that loss of the use of a hand shall be considered equivalent to loss of the hand, and the defendants contend the plaintiff should not recover greater compensation for injury to a hand than for loss of the hand.

The plaintiff did not lose use of his hand. He still has twenty-five per cent of his normal use and, with the hand in the condition the injury and its sequelæ left it, his earning capacity is greater than it would have been had his hand been amputated. The legislature anticipated such results of physical injury and, instead of providing that compensation shall be for some proportion of the schedule allowance for loss of a hand, it provided for compensation according to the method approved in the cases of *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861; *Emry v. Cripes*, 110 Kan. 693, 205 Pac. 598; and *Anderson v. Oil & Refining Co.*, 111 Kan. 314, 206 Pac. 900.

The defendants contend they consented to arbitration. A letter written by the attorneys for the defendants did not express consent to arbitration, and the testimony of the plaintiff clearly negatived existence of any intention on the part of the defendants to arbitrate according to the statute.

The judgment of the district court is affirmed.