No. 24,396.

JOHN SHMANA, *Appellee,* v. SWIFT & COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Voir Dire Examination of Juror.* Where a trial court conducts an examination as to a juror's qualifications to sit as a juror in a case and upon sufficient evidence finds that he is qualified to sit, the finding will not be disturbed on appeal.

2. SAME—*Notice of Workman's Injuries.* Where the nature of the injury is such that its serious character does not develop for a few days, notice of the injury given on the eleventh day thereafter, of the time, place and nature of the accident, is sufficient under section 5916 of the General Statutes of 1915, where the notice given and surrounding circumstances are of such character as would indicate that no prejudice resulted to the employer by reason of the delay in giving the notice.

3. SAME—*Examination of Injuries by Physicians.* Where plaintiff, suing under the workmen's compensation act, has prior to the trial submitted himself to physical examination by physicians designated by defendant, and at the trial has submitted himself to an examination of two physicians ap-

pointed by the court 'at the request of defendant, and all of the physicians who examined plaintiff have testified, it is not error for the court to refuse a further request made by defendant during the trial that the plaintiff submit to another physical examination by a physician named by defendant.

4. SAME—*Permanent Partial Disability—Compensation.* Where the evidence shows that partial disability is permanent in character, a finding by the jury that the partial disability will continue for eight years—the maximum time of payment under the workmen's compensation act—such finding will be construed as a finding of permanent partial disability.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-INGS, judge. Opinion filed April 7, 1923. Affirmed.

*Russell Field,* of Kansas City, Mo., for the appellant.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.:  This is an action under the workmen's compensation act. There was a trial to a jury, which answered special questions, upon which the court found plaintiff was entitled to judgment for partial disability for 415 weeks and entered judgment for a lump sum at that rate for the time from the date of the injury to the date of judgment, and for weekly payments thereafter. Defendant's motion to set aside the special findings and for a new trial was overruled and it appeals.

There is no substantial merit in the claim made by appellant that. his challenge for cause should have been sustained as to the juror Trainor. The court conducted a hearing as to the qualifications of this juror to sit in the case. He was asked questions by counsel for both parties and by the court. At the close of the hearing the court found him not disqualified for cause, and overruled the challenge. There was evidence to sustain the finding of the court, and the finding, therefore, is just as conclusive on this court as any other finding made by the triers of fact on evidence from which reasonable minds might reach different conclusions.   (*Forbes v. Madden,* 98 Kan. 559, 158 Pac. 850; *The State v. Molz,* 91 Kan. 901, 139 Pac. 376; *The State v. Compton,* 94 Kan. 642, 146 Pac. 1161.)

Neither is there any substantial merit in appellant's contention that the verdict or findings of the jury were the result of passion and prejudice. This is based upon the claim that the jury found plaintiff was capable of earning $3 a day when he was, in fact, employed at

$26.40 per week, but the jury also found that he had been out of employment a part of the time and was unable to perform certain kinds of labor continuously, and the discrepancy, if any really exists, is not sufficient to show passion and prejudice.

Appellant complains that the jury found plaintiff had been out of employment since the injury a greater length of time than his evidence showed. We have examined the evidence on this point, and the finding of the jury is fairly sustained by the evidence.

Appellant contends that there was no notice of the accident given within ten days stating the time, place and particulars thereof, as required by section 5916, of the General Statutes of 1915. That section provides, among other things, that "the want of, or any defect of such notice, or in its service, shall not be a bar unless the employer proves that he has, in fact, been thereby prejudiced. . . ." The evidence showed that the injury complained of was caused by plaintiff stepping into a pool of dirty water on September 21, which caused infection resulting in the injury. Aside from the itching and some pain the infection did not develop seriously for several days. On October 2, plaintiff consulted defendant's physician about the injury, and did so each day until he went to the hospital October 9. Defendant's physicians, nurses and attendants were fully advised of the time, place and nature of the injury and discussed it as being a major injury and out of the ordinary, and one of the nurses actually made out an accident report. The physicians advised an operation and the plaintiff told his foreman that he would have to lay off to go to the hospital for the operation, and did so. There is nothing to indicate that the defendant was in any way prejudiced by the report not having been made a few days sooner, and the court correctly instructed the jury on that matter.

Appellant contends that there was no claim for compensation made within three months. There was conflicting evidence upon that question, and the jury specifically found that the claim had been made. There was ample evidence to support that finding. (*Jacobs v. Coal Co.*, 105 Kan. 234, 182 Pac. 410.)

During the progress of the trial and after the plaintiff had been examined by two physicians appointed by the court, defendant made the further request that the plaintiff submit to a physical examination by a physician named by defendant. The plaintiff declined to consent to such examination at that time and under the circumstances. The court refused to make an order requiring plaintiff to

submit to such an examination at that time.  The appellant complains of this ruling.  Prior to the trial defendant had made a request that plaintiff submit to a physical examination by a physician named by defendant, which plaintiff did.  Just how often is not shown by the evidence, but since defendant makes no complaint of that, we presume that the plaintiff submitted to such physical examination as often as defendant requested it.  At the trial defendant requested the court to appoint a commission of physicians to examine the plaintiff, and two physicians were appointed and plaintiff submitted to an examination by them and they testified at the case, as did also the physician who examined plaintiff at the request of defendant prior to the trial.  Under this state of facts the defendant did not have the absolute right under the statute to demand a further physical examination during the trial, and it was not an abuse of discretion of the court to refuse an order specifically requiring it.

Appellant contends that there was no finding of a permanent partial disability.  The jury did find that there was a partial disability and that it would continue for eight years, which is the maximum time of payment for partial disability under the workmen's compensation act.  There was evidence by the physicians that such partial disability as plaintiff had was permanent in character, and the court properly construed the answer of the jury as being a finding of permanent partial disability.

Finding no prejudicial error in the case, the judgment of the court below is affirmed.