No. 24,967.

Ismert Hincke Milling Company, *Appellant,* v. James Ellis, *Appellee.*

SYLLABUS BY THE COURT.

Workmen's Compensation Act — *Award of Arbitrator* — *Award Sustained.*
Where, under the workmen's compensation act, an arbitrator makes an award of the minimum of $6 a week for a permanent partial disability, the statute does not require it to be set aside by the district court on review because the injured workman is receiving wages as high as before the accident.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed February 9, 1924. Affirmed.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *Eldridge H. Henning,* of Chicago, Ill., for the appellant.
*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Mason, J.:    James Ellis was injured while in the employ of Ismert Hincke Milling Company. He and his employer entered into an agreement for arbitration under the workmen's compensation act. The arbitrator made an award finding that while he was engaged in catching empty tin cans, weighing from 65 to 70 pounds each, used for packing flour, the first three fingers of his left hand were severely cut, becoming as a result curved, stiff and atrophied, so that there was no grip at all in his index finger and little in the other two, the aggregate grip of his hand being much reduced, the injury being partial in character and permanent in quality; and allowing him compensation of $6 a week for 415 weeks. The employer brought this action for a review of the award, asking that it be adjudged grossly excessive and be set aside, and that such judgment be rendered as the evidence should justify under the statute. The petition set out that the provision for the payment of a minimum of $6 a week does not apply to such a case, and that the evidence showed, and the fact was, that the employee was able to earn as much after the injury as before. The court refused to modify the award and the plaintiff appeals.

The evidence showed that the employee had lost but two days' time by reason of his injury; that for about a month he performed light work and then returned to that he had previously been en-

gaged in; and that when the case was tried he was still working for the same employer coopering cars and was receiving the same wages as before his injury. The employer relies upon the italicised language of the section of the compensation act reading:

"At any time before the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the judge of the district court having jurisdiction, upon the application of either party, and in connection with such review the court may appoint a physician or surgeon or two physicians or surgeons to examine the workman and report to the court, and the court shall hear all competent evidence offered, and if the court shall find that the award has been obtained by fraud or undue influence or that the committee or arbitrator making the award acted without authority or was guilty of serious misconduct or that the award is grossly excessive or grossly inadequate, or that the incapacity or disability of the workman has increased or diminished, the court may modify such award, upon such terms as may be just, by increasing or diminishing the compensation, subject to the limitations hereinbefore provided in this act; and, *if the court shall find that the workman has returned to work for the same employer in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury,* or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continues to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States or Dominion of Canada, *the court may cancel the award and end the compensation: Provided,* That the provisions of this section shall not apply to awards of compensation provided for in the schedule of specific injuries in section 3 of this act." (R. S. 44-528.)

The employee asserts that this point was not raised in the district court and is not within the scope of the petition for review of the award, the substance of which has already been stated. The question, however, will be determined on its merits.

If an award of the statutory minimum of $6 a week for a disability partial in character but permanent in quality is to be regarded as one provided for in the schedule of specific injuries, then the section quoted does not apply. The statute reads:

"Where disability, partial in character but permanent in quality, results from the injury, the injured workman shall be entitled to the compensation provided in paragraph 1 of this section [*i. e.,* the cost of medical treatment, etc.], but shall not be entitled to any other or further compensation for or during the first week following the injury. Thereafter, compensation in a lump sum shall be paid as provided in the following schedule, the average weekly wages to be computed as provided in section 4 of this act, and the

compensation to be in no case less than $6 per week nor more than $12 per week." (R. S. 44-510.)

Then follow 23 numbered minor paragraphs of which the first 18 relate to specific injuries. It has been said of that numbered 22, providing that the loss of the use of a hand, arm, foot, leg or eye shall be equivalent to its loss, that it is as much a part of the schedule as any other. The quoted portion of the section is to the effect that for a permanent partial disability compensation shall be paid "as provided in the following schedule . . . to be in no case less than $6 per week." It is our judgment that an award of this minimum for a permanent partial disability, the extent of the injury being immaterial so that it results in a substantial impairment of the workman's effectiveness, should be classed as one for a scheduled injury, just as is done with respect to the loss of the use of a limb. This we think is within the spirit of the law and within its letter when the statute is read as a whole.

Moreover, the language of the statute is that if the workman is earning as much wages as before his injury the court *may* cancel the award and end the compensation — not that it must do so. Where a workman has received an injury such as permanently to impair his effectiveness the expressed will of the legislature is that he shall receive as compensation at least $6 a week for 415 weeks. That he in fact is at the same time getting wages as high as before the accident is quite beside the purpose. The amount a workman is actually receiving as wages is not necessarily an accurate test of his absolute or comparative earning capacity. (*Hood v. Transit Co.,* 106 Kan. 76, 186 Pac. 977.)

The employee asks for a modification of the judgment so that it shall order the payment of the award in a lump sum, contending that this is required by the provision of the statute last above quoted that compensation for scheduled injuries shall be paid in a lump sum. This contention does not appear to have been presented to the trial court. Moreover, the court has held it not to be well founded. (*Gilmore v. Mining Co.,* 111 Kan. 158, 205 Pac. 1018.)

The judgment is affirmed.