No. 25,980.

JOHN McKARNIN, *Appellee,* v. ARMOUR AND COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION—*Permanent Partial Disability—Instructions—Evidence.* The proceedings in an action for workmen's compensation considered, and *held:* (*a*) the plaintiff was entitled to compensation for permanent partial disability on account of injury to his foot, in addition to scheduled compensation for loss of one toe; (*b*) various other alleged errors considered and found not to be of substantial merit.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed June 6, 1925. Affirmed.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kansas City, and *A. B. Reid,* of Chicago, Ill., for the appellant.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover under the workmen's compensation act. Plaintiff prevailed, and defendant appeals.

McKarnin v. Armour & Co.

Plaintiff was a laborer in defendant's packing plant. While engaged in the performance of his duties a steel cage weighing 1,400 pounds fell upon his foot and toes, breaking down the anterior arch of the foot, fracturing his third toe, and crushing the fourth toe so that amputation was necessary. Plaintiff sued to recover $90 for loss of the toe and $2,490 for permanent partial disability. Trial was to a jury; a general verdict for plaintiff; special questions and answers, as follows:

"1. Did the plaintiff sustain any injury as a result of the accident which necessitated the amputation of his entire fourth toe, other than to said toe? A. Yes.

"2. If you answer the first question yes, then state of what such other injury consisted. Tell what it was, or is. A. Broken arch (affected nerve).

"3. If you answer the first question 'yes,' state whether such other injury partially incapacitated plaintiff in his ability to work or earn wages? A. Yes.

"4. If you find that plaintiff suffered partial incapacity by reason of the accident, other than by reason of the loss of the toe, state the duration of such partial incapacity or disability in weeks, months or years, including both past and future? A. Ten years.

"5. At the time plaintiff went to work and during his work since the accident, had he fully recovered and was he free from disability which would amount to partial permanent incapacity as defined in instruction No. 3? A. No."

Motions by the defendant for judgment on the findings and for new trial were overruled. Motion by plaintiff for judgment on the findings was allowed, and judgment entered by the court for $2,580.

The defendant contends that the evidence does not show that the injury to the anterior arch of plaintiff's foot has resulted in a substantial impairment of the workman's effectiveness.

There was an abundance of evidence to sustain the jury's finding of plaintiff's injuries. Seven physicians testified; three of them that the injury was permanent, and the others that there appeared to be nothing wrong with plaintiff's foot beyond the amputation of the toe. The jury resolved the disputed question of fact in favor of the plaintiff, and the trial court made the following additional finding:

"The court further finds that over and above the plaintiff's incapacity due to the loss of said toe by amputation, the plaintiff suffered an additional and further disability and injury to his right foot, partial in character but permanent in quality, for which the plaintiff is entitled to receive compensation from the defendant for the period of four hundred and fifteen (415) weeks at the rate of six dollars ($6) per week, amounting in all to the sum of two thousand four hundred and ninety dollars ($2,490), said amount to be paid in a lump

sum. The court further finds that the plaintiff's permanent partial disability is ascertainable by objective examination."

In *Shmana v. Swift & Co.*, 113 Kan. 340, 214 Pac. 567, it was said:

"Appellant contends that there was no finding of a permanent partial disability. The jury did find that there was a partial disability and that it would continue for eight years, which is the maximum time of payment for partial disability under the workmen's compensation act. There was evidence by the physicians that such partial disability as plaintiff had was permanent in character, and the court properly construed the answer of the jury as being a finding of permanent partial disability."

It is very strenuously argued by the defendant that the plaintiff, after the injury, earned a larger salary than before, for which reason his effectiveness as a workman was not impaired.

In *Milling Co. v. Ellis*, 115 Kan. 431, 223 Pac. 274, a similar matter was considered. It was there said:

"Moreover, the language of the statute is that if the workman is earning as much wages as before his injury the court may cancel the award and end the compensation—not that it must do so. Where a workman has received an injury such as permanently to impair his effectiveness the expressed will of the legislature is that he shall receive as compensation at least $6 a week for 415 weeks. That he in fact is at the same time getting wages as high as before the accident is quite beside the purpose. The amount a workman is actually receiving as wages is not necessarily an accurate test of his absolute or comparative earning capacity. (*Hood v. Transit Co.*, 106 Kan. 76, 186 Pac. 997.)" (p. 433.)

The defendant next contends that the following instruction given by the court was erroneous:

"Permanent partial disability occurs where, as the result of an injury, an employee is partially disabled or incapacitated from work and labor for a period of eight years or more following the date of accident. That is to say, the workman is able to perform some labor, but his capacity to perform labor or his economic value as a laborer is by reason of the accident and injury reduced below what it was at the time of injury, extending throughout said period of time."

The defendant contends that the court should have given the following instruction instead of the one given:

"The jury are instructed that such partial incapacity may be either of a temporary or a permanent nature. If such partial incapacity is of a temporary nature, it will be found to exist only for a limited period of time following the period of total incapacity, but if it be of a permanent nature it will be found to exist for the remainder of the employee's natural life."

It is argued that the jury must have been misled by the instruc-

tion given. We do not concur in that view. The compensation act fixes the period for total disability for which a workman may receive compensation as eight years. In the instant case the jury found that plaintiff's incapacity would exist for a period of ten years. The fact that the jury put the time as two years beyond that designated by the legislature did not show that the jury was confused or misled or that the injury was temporary. (See *Shmana v. Swift & Co.*, supra.)

It is argued by the plaintiff, with sound reason, that in any event the instruction could not have been prejudicial. The jury returned no verdict other than a general finding for the plaintiff. It also made special findings on which the court rendered judgment. The jury undoubtedly based its answers upon the evidence and not upon the law as stated by the court.

In *Davis v. Hibbens*, 113 Kan. 121, 123, 213 Pac. 661, it was said:

"Judgment was not rendered upon the general verdict, but was rendered upon the answers to the special questions. The instructions of the court did not control nor influence the answers to the special questions. If there were any erroneous instructions—it is not stated that any were erroneous—they affected only the general verdict. The judgment based on the answers to the special questions should not be reversed because of erroneous instructions which affected the general verdict but did not affect the answers to the special questions."

It is contended by the defendant that the court erred in awarding judgment for $2,580, arguing that this amounts to an award of 415 weeks at $6 per week and an additional award of $9 per week for 10 weeks, or a total of 425 weeks. What the court really did was to allow compensation for 415 weeks at $6 per week for permanent partial disability on account of injury to his foot other than the loss of the toe, and, in addition, $90 for the loss of the toe. There was no error in this. (*Hiatt v. Uhrich*, 111 Kan. 643, 208 Pac. 559.)

No error is presented which would warrant a reversal. The judgment is affirmed.