Reese v. Armour & Co.

No. 26,313.

DIMPLE REESE, by ROBERT A. REESE, Her Next Friend, *Appellee,*
v. ARMOUR & COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Permanent Partial Disability—Evidence—
Instructions.* The proceedings in an action for compensation considered,
and *held,* an instruction to the jury was inadequate, but did not mislead,
and a finding of permanent partial disability, in the proper sense of sub-
stantial impairment of efficiency to perform work, was sustained by the evi-
dence.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed January 9, 1926. Affirmed.

*Edwin S. McAnany, Maurice L. Alden, Thomas M. Van Cleave,* all of Kan-
sas City, and *A. B. Reid,* of Chicago, Ill., for the appellant.

*W. E. Carson,* of Kansas City, *W. W. McCanles, E. H. Gamble, S. L.
Trusty* and *Ed. Pugh,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation for an injury
to plaintiff's right hand, received while she was operating a mangle
in defendant's plant, and resulting in permanent partial disability.

In describing the condition of plaintiff's hand, a physician said the
injury would permanently affect the doing of "nice work," and an-
other physician said coarse movements of her hand could be ac-
complished in the ordinary way, but for "fine work" her hand is
permanently injured. The court instructed the jury as follows:

"Partial incapacity means an incapacity of a partial nature, which to some
extent interferes with obtaining or performing work or labor of such a char-
acter as the plaintiff might reasonably be expected to follow or engage in.
If such incapacity continues but a limited time, it is called temporary in-
capacity, but if such incapacity is of such a nature as to be incurable it is called
permanent incapacity.

"If you find from the preponderance of the evidence that the plaintiff's use
of her wrist, hand or fingers is impaired to such an extent as to prevent her
from doing work as well or from obtaining employment as readily as she
could before said hand was injured, this would constitute partial incapacity."

Defendant contends that compensation is awarded, not for mutila-

Workmen's Compensation Act, C. J. pp. 93 n. 63, 126 n. 90, 127 n. 95.

tion or disfigurement or loss of physical power as such, but for diminution of capacity to earn; that disability warranting compensation must make the workman's labor unsalable, or less salable, in any market accessible to him; and that mere incapacity to do nice work or fine work is not enough. In harmony with this contention, defendant requested the court to instruct the jury that before plaintiff could recover it should appear, not only that her hand was permanently disabled, but that such permanent disability substantially impairs her efficiency to perform work. Defendant's contention is sound in law. This court has said that injury is not the test of right to compensation, but substantial impairment of the workman's effectiveness, resulting from injury. (*Milling Co. v. Ellis*, 115 Kan. 431, 433, 223 Pac. 274.) Therefore, the court's instruction was lacking in concrete suggestiveness, and might have permitted an undiscriminating jury to infer that compensation could be awarded for injuries inhibiting fine and nice uses to which the hand is adapted, but not materially affecting that specific capacity with the loss of which the compensation law is concerned. In this instance, however, the jury understood, and properly understood, the doctors were using the terms nice and fine in a comparative sense, for purpose of better description. It is not necessary to reproduce the testimony here. Permanent partial disability was well established, and the instruction given was not misconstrued, because the jury returned the following special findings of fact:

"9. Is the plaintiff's efficiency or effectiveness to perform work substantially impaired by the injuries to her right hand? A. Yes.

"10. If you find that plaintiff's efficiency or effectiveness is substantially impaired, then describe in detail how and in what way you find such impairment to exist. A. She has not the full use of her wrist or grip of fingers or thumb."

The judgment of the district court is affirmed.