SALINE E. CHADSEY, *as Administratrix, etc., et al.*, v. MARY CONDLEY.

No. 11,693.  (62 Pac. 663.)

1. CONTRACT—*Optional and Unilateral—Specific Performance.* An optional agreement to sell and convey land, signed by the owner alone, although unilateral at its inception, becomes absolute and mutually binding on both parties if the option be accepted by the vendee within the time and on the terms specified; and such an agreement will be specifically enforced, if fairly made and for a sufficient consideration.

2. ———— *Immaterial Objections.* Objections to the form of a deed prepared by the vendee for execution by the vendor are immaterial where the vendor refuses absolutely to accept the purchase-price or to execute any deed or conveyance.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed November 10, 1900. Reversed.

*C. D. Ashley*, and *Blue & Glasse*, for plaintiffs in error.

*E. M. Tracewell*, and *E. E. Sapp*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for the specific performance of an agreement to sell and convey real estate. In the plaintiff's petition it was shown that on November 23, 1898, Mary Condley executed a writing in which, for a consideration of $100, paid by M. J. Callahan and A. N. Chadsey, she agreed to sell and convey to them, at any time within sixty days, upon their demand, and upon payment by them of the sum of $5500, an undivided one-half interest in a quarter-section of land in Cherokee county. On November 30, 1898, Callahan and Chadsey, by C. D. Ashley, their attorney, tendered to Mary Condley $5500 in gold coin, but she refused to take the money, and said that she would not accept the same and would not execute a deed to the premises. At the time the money was tendered and the deed demanded, a form of deed was tendered in behalf of Callahan and Chadsey, ready for execution, but Mary Condley declined to execute it or any deed to the real estate, and declared that she would not observe or perform her part of the written agreement and contract. Soon afterward Callahan, for a good and sufficient consideration,

assigned and transferred his rights and interests under the contract to A. N. Chadsey, who, on December 2, 1898, brought this action. Mary Condley filed a general demurrer to the petition, which the court sustained, and this ruling is assigned for error here.

On behalf of Mary Condley, it is contended that she is not bound by her agreement, because of a lack of mutuality of obligation; that while she promised to sell and convey, Callahan and Chadsey did not absolutely bind themselves to buy and take the land; and that, as they were not bound, the agreement is not enforceable against her. The general rule is that unless all parties to an agreement are bound, it will be enforceable against none of them. An optional contract for the sale of land, fairly made and based on a·sufficient consideration, constitutes an exception to this rule. While it is unilateral in form and optional with the proposed vendee at the inception, it becomes absolute when the option is accepted, and thereafter the obligations of vendor and vendee are mutual and may be specifically enforced. Here there was an adequate consideration for the agreement; no fraud or unfairness appears; the option was accepted within the time and on the terms stipulated, and before it had been withdrawn, and, under the modern authorities, it may be specifically enforced against the vendor as a valid contract to convey. (*Guyer v. Warren*, 175 Ill. 328, 51 N. E. 580; *Watts v. Kellar*, 56 Fed. 1, 5 C. C. A. 395; *Willard v. Tayloe*, 8 Wall. 557, 19 L. Ed. 501; *Brown v. Slee*, 103 U. S. 828, 26 L. Ed. 618; *Warren v. Castello*, 109 Mo. 338, 19 S. W. 29; *Reynolds v. O'Neil*, 26 N. J. Eq. 223; *Hawralty v. Warren*, 18 id. 126; *Ross v. Parks*, 93 Ala. 153, 8 South. 368, 11 L. R. A. 148; Pom. Spec. Perf. §§ 167–169; Beach, Mod. Law Cont. §§ 887–890; 22 A. & E. Encycl. of L., 971.)

It is contended, however, that the acceptance of the option was not strictly within the terms of the agreement; that the consideration named in the deed tendered Mary Condley for execution was not the true consideration; and that, therefore, she was justified in refusing to execute the same. The consideration named was $5600, and, according to the language employed, the receipt of that amount was acknowledged by the execution of the deed; and it is argued that she cannot be required to acknowledge the receipt of a sum larger than the actual consideration, and for which she would be bound by the covenants of warranty if the title should fail. We think there is nothing substantial in this contention. The consideration for the preliminary agreement to convey the land was $100, and the amount to be paid, if the option was accepted, was $5500. These sums together amount to the express consideration of the deed, and when the option is accepted both payments would be regarded as the consideration for the sale and conveyance of the land.

Aside from this view, it may be said that no objection to the performance of the agreement was made by Mary Condley because of the form of the deed. It is alleged that she was tendered the stipulated amount of $5500, in lawful money, and that she refused to take the same, and stated that she would neither accept the money nor execute a deed of the premises. When the vendees had accepted the conditions of the option and tendered the stipulated amount of money within the proper time, they had performed their part of the agreement, and the duty devolved on her to execute and deliver a good and sufficient deed, as was provided for in the agreement. If we assume, however, that it was the duty of the vendees to have

tendered a deed along with the money, the action of the vendor in refusing absolutely to accept the purchase-price and execute any deed or any conveyance made. a tender unnecessary. (*Bell v. Wright*, 31 Kan. 244, 1 Pac. 595.)

We think the petition states a cause of action against Mary Condley, and therefore the judgment of the district court will be reversed, and the cause remanded with directions to overrule the demurrer.