No. 20,893.

ALBERT F. NIESCHBURG, *Appellee*, v. J. R. NOTHERN et al. (J. R. NOTHERN, *Appellant*).

SYLLABUS BY THE COURT.

1. FORECLOSURE SALE—*Assignment of Certificate of Purchase—Acceptance by Assignee—Completed Contract.* Where an offer is made by a vendor to assign his right in a certificate of purchase, issued under a foreclosure sale, for a certain sum if accepted within a fixed time, it may be revoked by him until it is accepted; but if the vendee elects to accept the offer and gives notice of his acceptance within the time limited, such an accepted offer fixes the obligations of the parties and becomes a binding contract, and the execution of the assignment and the payment of the consideration must then be made within a reasonable time.

2. SAME — *Assignment of Certificate of Purchase — Method of Acceptance.* To be effective the acceptance must comply with the terms of the offer, and if it prescribes a method of signifying acceptance or the conditions upon which the acceptance must be made such method or conditions must be followed; but when it is not so prescribed, acceptance may be made by any legal means.

3. SAME—*Assignment of Certificate of Purchase—Reassignment—Estoppel.* When the contract becomes effectual by an acceptance the vendee may assign his rights in it to another, and it is held herein that the vendor, having recognized the validity of the assignment

made by the vendee and the rights of the assignee, is not permitted thereafter to set up the defense that the assignment was illegal.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed June 9, 1917. Affirmed.

*David Ritchie*, of Salina, for the appellant.

*J. A. Fleming, C. W. Burch, B. I. Litowich*, and *La Rue Royce*, all of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: J. R. Nothern, who held a second mortgage on property belonging to W. T. Chase, foreclosed the same, bid in the property at sheriff's sale for $1550, and afterward, on February 10, 1916, offered to assign his interest in the property, under the certificate of purchase, to Chase for $1200, providing the latter acted upon the proposition on or before Saturday, the 12th of February. The following memorandum was made:

"I hereby agree with W. T. Chase to take $1200.00 in cash on or before Saturday night, 2-12-1916, for my second mortgage on S½ SW¼, 33-13-3, and release it of record with all expenses paid, and W. T. Chase agrees to either take or reject same on said date. J. R. NOTHERN, W. T. CHASE."

The next day Chase's agent, Kell, telephoned an acceptance to Nothern, telling him the money would be ready for him, and arrangements were made at that time for the parties to meet on the following day to close the transaction. Sometime before the next day Chase assigned his rights under this agreement to Albert F. Nieschburg, to whom he also conveyed his equity in the property. On the following day Nothern and Kell met at the office of Nothern's attorney, who insisted that the proper method of transferring the certificate was by written assignment, and he accordingly drew up an assignment of the certificate to Nieschburg and the instrument was signed and acknowledged by Nothern and his wife. Due to the fact that it was necessary to take the assignment out in the country for Mrs. Nothern's signature and the fact that the bank would be closed by the time it was returned, the parties all agreed to postpone the final transfer and payment until the following Monday. On Monday morning Nothern refused to complete

the transaction unless he received $1400 for the assignment. On the previous Friday Nieschburg had placed money in the bank for use in fulfilling his contract, but his offer of payment of $1200 was refused.

Nieschburg brought this action to enforce Nothern's contract, and he alleged that the memorandum made on February 10, through mutual mistake of the parties, failed to show the exact agreement made, and that the contract should be reformed to show that the defendant, in consideration of $1200, agreed to assign the certificate of purchase and his interest in the premises to Chase, and that the "second party agrees that he will on or before said time accept or reject the proposition of first party to accept said sum for said certificate of purchase, and if he so accepts that he will pay to first party at said time said sum of money." The petition prayed for a specific performance of the contract as reformed. Defendant alleged that he was induced by Chase's agent, Kell, to make the $1200 offer by false representations that the party who held the first mortgage on the premises, which was executed by defendant, was about to enforce it against the latter. It was also alleged that the agreement was without consideration and that the offer made by defendant was withdrawn before acceptance or performance by plaintiff. The court found in favor of the plaintiff, ordering the contract to be reformed and decreeing that it be specifically enforced.

The merits of the controversy lie within a very narrow compass. Did the offer made by defendant and accepted by Chase become a binding and valid contract, or was it no more than an offer which defendant was at liberty to withdraw at any time before payment of the consideration was made? Defendant's agreement was an offer to sell and transfer his interest, acquired under a certificate of purchase, at a fixed price within a given time. It was subject to revocation until there was a valid acceptance of the offer. Although unilateral at its inception, it became bilateral and absolute when the offer was accepted according to its terms, and thereafter the obligations of the defendant and the vendee were mutual and could be specifically enforced. (*Chadsey v. Condley*, 62 Kan. 853, 62 Pac. 663.) The acceptance in such a case must, of course, correspond with the offer, and if they accord, the agreement be-

comes complete and binding from the date of acceptance. (*Caldwell v. Frazier,* 65 Kan. 24, 68 Pac. 1076.) The reciprocal promises of the parties afforded sufficient consideration. The unequivocal promise of the vendee that the offer was accepted and that payment would be made when the assignment was executed on the following day consummated a valid contract. If the offer had prescribed a particular method of acceptance or had prescribed certain conditions, compliance with such method or conditions would have been essential to a valid acceptance. There was nothing in the defendant's offer prescribing a method by which the vendee should signify his acceptance, and no question was raised by the defendant as to the sufficiency of the notice or the form of acceptance when they were given and made. The offer did not provide that it should not become binding and effective until payment or tender of payment was made, and if, when the offer was first made, the vendee had then agreed to accept it, the contract would at once have become binding and the parties would have had a reasonable time to execute the assignment and make the payment.

In *Breen v. Mayne,* 141 Iowa, 399, there was an option to purchase land before a fixed time at an agreed price payable upon the delivery of the deed, and it was held that the vendee might indicate his acceptance within the specified time in any lawful method, and that the making of the deed and the payment of the purchase price were matters to be performed within a reasonable time and were not essential to the completion of the contract. (See, also, *Mansfield v. Hodgdon,* 147 Mass. 304; *Penna. Mining Co. v. Smith, Appellant,* 207 Pa. St. 210; *Penna. Mining Co. v. Martin, Appellant,* 210 Pa. St. 53; *Watson v. Coast,* 35 W. Va. 463.)

Here the defendant treated the acceptance as sufficient when it was made, and agreed to complete the transaction and make the transfer on the following Saturday which was within the time fixed in the offer; not only that, but he executed the assignment and procured his wife to join in the execution, and the delivery would have been made and the transaction closed on Saturday but for the agreement of the parties, made for their own convenience, to postpone the completion until the following Monday.

Defendant cites *Winders v. Kenan,* 161 N. Car. 628, which holds that the acceptance must accord with the terms of the offer, and if they do not accord, the parties are not bound. Some of the language used proceeds on the theory that something more than notice of acceptance is essential to a valid contract. However, the contract in that case was interpreted to mean that payments were essential to the acceptance of the offer, and it was also held that the vendee had never offered to pay the stipulated amount.

*Ind. & Ark. Lbr. & Mfg. Co. v. Pharr,* 82 Ark. 573, is also cited as opposed to the ruling herein. That case approves the rule that if the optionee elects to accept an offer according to its terms within the time limited and gives notice of acceptance to the owner, the accepted offer becomes a binding contract. There, however, the letter written by the holder of the option was deemed to be insufficient to constitute an acceptance. It did not say that the defendant accepted the offer, and, besides, the letter showed that the steps which he proposed to take towards acceptance were not to be taken until after the expiration of the option.

There is nothing substantial in the objection that the rights of Chase could not be assigned and transferred to the plaintiff. When the offer was accepted by Chase it became a valid contract for the sale of the interest held by the defendant, and it was subject to assignment. When defendant was informed of the assignment no objection was made upon that ground, nor in fact upon any other. The assignment of the certificate which was prepared and which was signed by the defendant was made to the plaintiff, and not to Chase, and by agreement it was left in the custody of defendant's attorney until the transfer should be completed on the following Monday. Having recognized the validity of the assignment to plaintiff and his rights as assignee, it was too late for him to "mend his hold" when the action was brought by an objection to the assignment to plaintiff.

The judgment is affirmed.