No. 23,836.

Lou Watson, *Appellant,* v. A. H. Watson et al., *Appellees.*

SYLLABUS BY THE COURT.

1. Practice—*Amendment of Pleading to Conform to Proof.* The doctrine of amendment to conform pleading to proof is that a material matter, which might have been pleaded but was not, has been litigated without objection, as though it had been pleaded; the proposal to amend is a proposal to state in form of pleading facts which already appear in form of proof; and an order of the court granting leave to amend is equivalent to a judicial finding of the facts involved.

2. Same—*Homestead Rights Adjudicated in Former Trial.* The court permitted a pleading to be amended to conform to proof establishing the fact that a described body of land containing twenty-three acres was the pleader's homestead. No objection was made to the amendment on the ground part of the tract was not occupied as a homestead. *Held,* extent of the homestead was adjudicated.

3. Same—*Defense of Claim on One Ground Defeated—Renewal of Litigation on Another Ground Not Permissible—Obedience to Mandate of Supreme Court.* A litigant may not defend against a claim on one ground and, when finally defeated, renew the litigation by proposing another ground. In such a case, adjudication in favor of the claim adjudicates everything which might have been urged against the claim in whole or in part. These rules constitute limitation on authority of a district court to entertain

supplementary proceedings after receiving a mandate directing entry of a specified judgment.

4. SAME—*Application of Preceding Principles.* The principles just stated applied to a proceeding in the district court to determine extent of the homestead referred to, after receiving a mandate from this court directing judgment allowing the plaintiff to occupy the tract of land as her homestead.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed January 7, 1922. Reversed.

*John W. Adams, Chester I. Long, Earl Blake, Austin M. Cowan, Claude I. Depuy, Forest D. Siefkin, W. A. Ayres,* and *S. S. Hawks,* all of Wichita, for the appellant.

*Kos Harris, V. Harris, S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart, Glenn Porter, Enos E. Hook,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The purpose of the appeal is to test legality of proceedings of the district court subsequent to receipt of the mandate sent from this court on determination of a former appeal.

The plaintiff is the widow of F. M. Watson, and the defendants are his children by former marriage, and their spouses. The petition prayed for partition of all the real estate which belonged to F. M. Watson at the time of his death. The answer pleaded an antenuptial contract whereby the plaintiff, before her marriage with F. M. Watson, waived all right to inherit from him, and relinquished homestead privileges in property which might belong to him. The reply denied execution of the antenuptial contract. The trial occurred in June, 1917. On October 16, 1917, the court returned findings of fact. The findings were that the antenuptial contract had been duly executed, that it was just, equitable, and valid, that it released and waived inheritance by the plaintiff from F. M. Watson, and that the release embraced homestead rights. The court further found generally for the defendants. A motion for a new trial was filed, which came on for hearing on January 23, 1918. On that day the following proceeding occurred:

"Thereupon said plaintiff, with leave of the court, filed an amendment to her reply to make the pleadings conform to the proof, to which the defendants at the time objected, which objection was overruled."

The court heard testimony relating to the motion for a new trial, and took the cause under advisement. In March, 1918, the court made a finding relating to genuineness of a letter, and denied the motion for a new trial. Judgment was then rendered that the plaintiff take nothing by her action, and that the defendants were sole owners of the property described in the petition.

The amendment to the reply follows:

"Comes now the plaintiff, and for amendment to her reply in the above-entitled action, and to make the pleadings conform to the proof and evidence in this case, states:

"That all of the real estate in controversy in this action, situated in the county of Sedgwick and state of Kansas, was the homestead of F. M. Watson, deceased, long prior to and at the time of his decease, and that this said plaintiff and the said F. M. Watson were living and residing upon said real estate as their homestead, each of whom were residents of the county of Sedgwick and state of Kansas, and had been for many years prior to and at the time of the said F. M. Watson's decease, and at all times since this said plaintiff has been living upon and occupying said property as her homestead with her minor son, and that this plaintiff is now and was at all of the times since the decease of said F. M. Watson, the widow of said F. M. Watson, deceased, and does now and did at all times before the decease of said F. M. Watson, claim said property as exempted property and a homestead under the laws of the state of Kansas.

"The plaintiff further alleges that said property is not governed or controlled by the alleged antenuptial contract under which the defendants in this action claimed the title to said property and right to partition and right to the same, but that the same is her homesead, and is not governed in any manner by the terms and provisions of said alleged antenuptial contract, and that the said defendants herein are not entitled to deprive this said plaintiff of the use and occupation of said homestead so long as she continues to be the widow and reside upon the homestead of said F. M. Watson, deceased, and that no order of this court can now be made to partition the same or deprive this plaintiff of the possession of said property, even though the court should find that the said alleged antenuptial contract was entered into."

The objection which was interposed to amendment of the reply, and which was overruled, follows:

"Now come the defendants, and object to the filing of the amendment in this case, for the reason that it does not raise the same matters and issues as raised by the pleadings, and is not germane to the reply; that it attempts to change the issue; that judgment has been rendered in this cause, and the evidence has all been submitted upon motion for a new trial; that neither party at any time has asked for any special findings of fact and conclusions of law; and that the defendants and each of them object to the filing of this amendment to the reply for the foregoing reasons, and for the further reason that it is incompetent, irrelevant, and immaterial, and that no notice has been given to the defendants of the application for filing the reply."

The testimony had identified the homestead as twenty-three acres of land on South Hydraulic avenue, lying just outside the limits of the city of Wichita, in Sedgwick county, the tract being all the land which F. M. Watson owned in Sedgwick county.

The plaintiff appealed to this court. Under the heading, "Home-

stead Rights Not Waived by Antenuptial Contract," the plaintiff's brief contained the following:

"The appellant filed an amendment to her reply (Ab. 16), in order to make the pleadings conform to the proof setting up the fact that the real estate in Sedgwick county described in the appellant's petition was the homestead of appellant, and that the same had been occupied by her as such from the time of the marriage, together with her minor child, up to the time of the death of F. M. Watson and up to the time of trial. That the same was such homestead was shown by the undisputed evidence in the record."

The defendants did not dispute this statement, and did not question extent of the homestead.

The judgment of the district court was affirmed. (*Watson v. Watson*, 104 Kan. 578, 180 Pac. 242.) In the course of the opinion, the amendment to the reply was noted (p. 581). The plaintiff filed a motion for a rehearing, which was denied. (*Watson v. Watson*, 104 Kan. 587, 182 Pac. 643.) The memorandum opinion stated that the plaintiff had presented the question of homestead.

The plaintiff was given permission to file a second application for rehearing, and a rehearing was granted. In the plaintiff's brief on rehearing appeared the following:

"The appellant filed her petition for partition of the real estate owned by F. M. Watson, deceased, at the time of his death, asking for an undivided one-half, the widow's share. At that time nothing was known of any claim under an antenuptial contract. To this petition appellees filed their answer and cross-petition, and thereafter appellant filed her answer to the cross-petition and reply. Subsequently she filed an amendment to her reply, which amendment was allowed by the court, to the effect that even if the antenuptial contract was valid, yet she could not be deprived of the right to her homestead in the twenty-three acres of land in controversy, located just south of the city of Wichita, where the deceased and appellant had lived at all times after their marriage up to his death, and where the widow with her minor child by a former husband lived at the time of the trial. . . . The evidence abundantly sustained the claim of homestead."

The defendants filed a supplemental abstract, in which the following appeared:

"The only other property owned by F. M. Watson at the time of his death was the twenty-three acres in question in Sedgwick county, on which the appellant was living at the time of the trial, and the value of this was fixed by stipulation by the parties in open court at the time of the trial.

"By Mr. Harris [attorney for defendants]: It is admitted that the property, twenty-three acres, occupied by the widow, is worth $5,000.

"By Mr. Amidon [attorney for defendants]: Being the piece of property described in the petition as being in Sedgwick county, Kansas."

A section of the defendants' brief on rehearing was devoted to demonstrating, from the record, the truth of the proposition, "The Question of the Homestead Was an Issue, Considered and Decided."

The opinion of the court disposing of the case on rehearing reads in part as follows:

"It is pressed upon our attention with unflagging reiteration that the plaintiff is entitled to possession of the homestead for the reason that the provisions of the antenuptial contract did not amount to an alienation thereof.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"The antenuptial contract which the court found to exist in this case did not destroy the widow's right to possession of the homestead; so long, therefore, as she continues to be a widow, she has the right to remain therein. To this extent, and this extent only, the former judgment and opinion must be changed, and the cause is remanded with directions to modify the judgment in accordance herewith." (*Watson v. Watson,* 106 Kan. 693, 694, 700, 189 Pac. 949.)

The defendants filed a petition which discussed the homestead question at length, and prayed for a rehearing, or for modification of the judgment of this court in respect to matters not now material. The petition contained the following:

"The appellees contend that the place claimed as a homestead is not one place, but two separate and distinct places; but that question is not properly before this court at this time, and must be determined later."

The petition was denied in a brief opinion, written for the purpose of withdrawing a statement which the court had made in reference to the law of Illinois. (*Watson v. Watson,* 107. Kan. 193, 191 Pac. 482.) The cause was returned to the district court with a mandate to modify its judgment in accordance with the decision of this court.

On receipt of the mandate, the district court permitted the defendants to file an answer and cross-petition, which regarded the homestead as divided into two parts, a fifteen-acre tract and an eight-acre tract. It was admitted that F. M. Watson and the plaintiff resided on the fifteen-acre tract at the time of his death, but it was alleged the plaintiff had no interest therein, possessory or otherwise. It was further alleged that the eight-acre tract was at all times separate and distinct from the fifteen-acre tract, and was never occupied by the plaintiff. After fruitless objection, the plaintiff was compelled to meet the issues thus tendered in a formal trial, the result of which was that she was deprived of the eight-acre tract. The court returned what were denominated findings

of fact and conclusions of law. In the document is an argument by which the trial court seeks to justify .its conduct, and which includes a discussion of the powers of this court. Findings of fact and conclusions of law were stated at length with reference to the proceeding in the district court when the cause was originally before it. They are quite superfluous, because this court will look to and be guided by the record. For reasons which will presently appear, it will not be necessary to consider findings of fact and conclusions of law relating to issues determined at the last trial. It may be observed, however, that the fifteen-acre tract and the eight-acre tract adjoin, and whatever physical disseverance there may be results from a fence which has two openings in it, one a large double gate.

When the former appeal was before this court, it did not depart from its usual practice, and allow a second petition for rehearing, in order to determine any merely abstract homestead privilege which might or might not attach to real estate. The controversy related to land. The asserted right was the right of a widow to occupy a definitely described tract, consisting of twenty-three acres, as a home, and the decision was that the plaintiff was entitled to occupy that land so long as she remained F. M. Watson's widow. This adjudication was based on the record brought up from the district court. The cause was not remanded to the district court for further investigation of any issue of fact. The mandate was, to modify the judgment rendered by conforming it to the decision of this court; and the district court was without authority to proceed otherwise.

It has just been said the adjudication of this court was based on the record brought up from the district court. After the district court made its general finding in favor of the defendants, on issues framed by pleadings as they then stood, it made a ruling which, in legal effect, constituted a specific judicial finding that the twenty-three-acre tract was the plaintiff's homestead. In the findings and conclusions returned in the proceeding which led to the present appeal, the court omits to state that the motion to amend the reply was made to conform pleading to proof, and omits to state that amendment was allowed for that purpose, as the journal of the court shows. The amendment, after the introduction, consisted of two paragraphs. The first paragraph was devoted to a statement of facts. The second paragraph stated conclusions of law only, and so was nugatory. The statement of facts was tendered as a state-

ment of what the evidence in the case proved. The defendants interposed no objection to the amendment on the ground the recited facts were not established by the proof. The court knew whether or not the facts were established by the proof, and allowed the amendment as tendered. The result was, the fact that the twenty-three-acre tract was plaintiff's homestead was a fact duly pleaded, duly proved, and duly found by the district court. (*Mo. Pac. Rly. Co. v. McCally,* 41 Kan. 639, 21 Pac. 574.) In the case just cited, the syllabus reads:

"After trial, the plaintiff asked, and was permitted by the court, to amend his petition so as to make it conform to the facts proved. This order of amendment is equivalent to a finding of fact by the court; . . . " (¶ 3.)

That this is true follows from the essential nature of amendment to conform pleading to proof. The doctrine is that a material matter, which might have been pleaded but was not, has been litigated without objection, as though it had been pleaded. The proposal to amend is a proposal to state in form of pleading facts which already appear in form of proof. The ground on which amendment may be permitted is that the facts stated in the proposed amendment have been proved, and unless the court so finds, the amendment must be rejected.

When the plaintiff appealed to this court, the defendants made no complaint, by cross-appeal, of the finding that the Sedgwick county land was the plaintiff's homestead. The finding was as authentic as the finding that an antenuptial contract had been made. In the voluminous literature which accompanied presentation of the case to this court were many references to the plaintiff's homestead. In none of the defendants' contributions, previous to the decision in favor of the plaintiff, was the fact or the extent of the homestead questioned. When the court had under consideration, on rehearing, the specific subject of awarding the Sedgwick county land to the plaintiff as her homestead, the defendants made no suggestion that the homestead comprised less than the whole tract. On the contrary, they acquiesced in assertions of the plaintiff, repeatedly and pointedly made, that the twenty-three-acre tract constituted the plaintiff's homestead, and the court framed its judgment accordingly. Even the defendants' petition for rehearing asked for no modification of the judgment on the ground it included too much land. The judgment was not modified, and the mandate sent to the district court required obedience to the judgment. Under these circumstances, no matter what the true scope of the district

court's decision may have been, the defendants are concluded by the decision of this court. If the court gave the plaintiff too much land, the defendants are responsible for the mistake.

The district court now finds ʼit did not adjudicate extent of homestead. The amended pleading described a body of land comprising twenty-three acres. The plaintiff was in peril of losing all the real estate her ʼhusband had owned, and she undertook to salvage this particular piece. The defendants interposed no objection to the amendment on the ground it embraced too many acres. They submitted to the amendment, so far as truth of the facts stated was concerned, and the court's finding, implicit in the order allowing the amendment, extended to the Sedgwick county land, however it might be subdivided by fences, or otherwise. To say that extent of this homestead was not adjudicated is to say adjudication respecting a totality did not embrace one of its parts; and the court's present finding amounts to no more than a denial that consequences which the law annexes to judicial conduct attached in this instance.

The district court now states as conclusions of law that the plaintiff waived her homestead privilege by asking for partition, that the amendment to the reply ·constituted departure, and that the amendment did not constitute proper pleading. The ruling comes several years too late. The defendants' objection to amendment of the reply raised these questions, and the court overruled the objection. No complaint of the ruling was made in this court by cross-appeal, and regularity and effectiveness of the amendment have long been closed subjects.

The original findings of fact returned by the district court contained the following:

"The court further finds that no evidence was introduced on the question of rent or use and occupation of the premises."

The defendants argue that this finding related to homestead occupancy. The finding related to evidence on which an accounting might be based.

All the decisions of this court relating to what the district court may do and must do on receipt of a mandate, are cited in the briefs. It is not necessary to review them, because there can be no dispute about these rules: A litigant may not defend against a claim on one ground and, when finally defeated, renew the litigation by proposing another ground. In such a case, adjudication in favor of the claim adjudicates everything which might have been urged

against the claim in whole or in part. These rules constitute limitations on authority of a district court to entertain supplementary proceedings after receiving a mandate directing entry of a specified judgment.

Although doing so involves unmitigated repetition, the court will briefly summarize the case, in the light of the foregoing rules. The district court was about to exclude the plaintiff from enjoyment of any of her deceased husband's land, because she had entered into an antenuptial agreement. This attitude of the court led the plaintiff to make special claim to the twenty-three-acre tract, on the ground it was her homestead. The facts which constituted the basis of the special claim had been proved. The record was completed by an amended pleading, conformed to the proof. The order allowing the amendment was equivalent to a finding of fact, and the plaintiff prevailed on the facts, precisely as if she had pleaded her special claim in the first instance. The defendants did not protest against the fact that the twenty-three-acre tract was a homestead. They were content to rely on the antenuptial contract. The court held the antenuptial contract applied to the homestead, the same as to other land, and the plaintiff appealed. At first this court agreed with the district court, but, on rehearing, concluded the antenuptial contract did not affect the twenty-three-acre tract, and awarded it to the plaintiff for homestead purposes. In this court the defendants had not challenged the fact that the twenty-three-acre tract was the plaintiff's homestead, and had not challenged the manner in which the fact had been established. They had remained content to rest on the antenuptial contract. Application for a rehearing was denied, and a mandate was sent to the district court, directing it to modify its judgment to conform to the judgment of this court. Instead of modifying its judgment by awarding the plaintiff the Sedgwick county land for homestead purposes, the district court proceeded to determine whether or not any of that land was the plaintiff's homestead. The nature of the petition which the court permitted the defendants to file has been indicated. It was simply a belated piecemeal denial of what has been referred to as the plaintiff's special claim.

The judgment of the district court is reversed, and the cause is remanded with direction to modify its original judgment in accordance with the mandate heretofore issued, and to restore to the plaintiff whatever she may have lost by virtue of the unauthorized supplementary proceeding.