No. 29,997.

THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*, v. D. J. NICHOLS, Individually and as County Treasurer of Jewell County; CHARLES E. SWEET et al., Individually and as the Board of Rural High-school District No. 5, and RURAL HIGH-SCHOOL DISTRICT No. 5, in Jewell County, *Appellees*.

(300 Pac. 1064.)

Opinion filed July 3, 1931.

*Luther Burns, J. E. DuMars,* both of Topeka, and *R. W. Turner,* of Mankato, for the appellant.

*D. M. McCarthy* and *L. E. Weltmer,* both of Mankato, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from an order of the district court entering a mandate from this court and from an order overruling plaintiff's motion for judgment in accordance with the mandate, and to have entered an order sustaining plaintiff's demurrer to defendants' answer, and requesting the court to render judgment in favor of plaintiff as prayed for in its petition.

Originally the action was one to recover taxes for rural high-school district purposes paid by plaintiff under protest. The rural high-school districts had levied a tax of eight mills for general purposes. Plaintiff contended that six mills was all that the school district could lawfully levy. Plaintiff paid its taxes under protest and brought this action to recover the amount of the two mills alleged by plaintiff to have been unlawfully levied for general purposes. Defendants answered, setting up the statute under which they claimed they were authorized to make the levy which was made. Plaintiff demurred to the answer. The demurrer was overruled. Plaintiff appealed. This court, in an opinion reported in 130 Kan. 509, 287 Pac. 262, analyzed the statutes under which defendants claimed the levy was made, and, having fully considered the case, concluded:

"The defendant school district did not have the right to levy more than the six mills for general purposes. Plaintiff is entitled to recover the excess levy to the amount of two mills. . . . The cause is reversed with instructions to the trial court to sustain the demurrer to defendants' answer and for further proceedings in accordance with this opinion." (p. 515.)

The mandate from this court reached the clerk of the district court on May 29, 1930. On May 31, 1930, the judge of the district court entered upon the trial docket of the court the following: "May 31, 1930, mandate entered. Judgment for defendants for costs."

That was the last day of the March, 1930, term of court. The June term of court convened June 2, 1930, and the November term convened November 10, 1930. On November 17, 1930, plaintiff filed in the district court its motion for—

". . . the court to proceed in accordance with the judgment of the supreme court of Kansas in this cause and enter an order sustaining plaintiff's demurrer to defendants' answer, and to render judgment in favor of the plaintiff in accordance with the prayer of its petition herein."

That motion came on for hearing on November 21, 1930, and after argument of counsel the court entered on its docket:

"Motion filed November 17 is sustained by a *nunc pro tunc* order sustaining the demurrer to the answer of the defendants and correcting the apparent error of judgment for defendants for costs which was intended and should be judgment against defendants for costs. Motion overruled as to other parts."

The court refused to enter judgment for plaintiff for the recovery of the two mills excessive taxation, amounting to $659.23, on the ground that no request was made by plaintiff for such judgment until it filed its motion of November 17, and for the further reason that the cause was not continued at the March nor at the June, 1930, term of court, for which reason the court had no jurisdiction to render such judgment.

Plaintiff has appealed both from the order entered by the court on May 31 in its trial docket, and also from the order of the court of November 21 overruling its motion.

Under our statute (R. S. 60-3330) and under numerous decisions of this court (*McDonald v. Swisher,* 60 Kan. 610, 67 Pac. 507; *Hargis v. Robinson,* 70 Kan. 589, 79 Pac. 119; *Lynn v. McCue,* 99 Kan. 400, 161 Pac. 613; *Forbes v. Madden,* 102 Kan. 46, 169 Pac. 211; *Watson v. Watson,* 110 Kan. 326, 203 Pac. 714), it was the clear duty of the trial court to proceed in conformity to the order and judgment of this court. Clearly that was not done. The entry on

the trial docket of May 31 was not a compliance with the mandate of this court. It appears that no entry of any ruling made at that time was made on the journal of the court. The matter was still pending there undetermined notwithstanding the fact that no particular order was made continuing it to the June term or to the November term of court. Under the mandate of this court it was the duty of the trial court to sustain plaintiff's demurrer to the answer of defendants and to proceed in accordance with the judgment of this court. The judgment of this court was that defendants did not have the right to levy more than six mills for general purposes, and that plaintiff was entitled to recover the excess levy to the amount of two mills. That was the judgment of this court which the mandate directed the trial court to carry out. It is possible that after the demurrer to defendants' answer was sustained they would have desired to plead further, but there is no intimation in this case that defendants had any other defense than the statutes which they pleaded, and which were construed by this court adverse to their contention. Defendants made no request to plead further, nor did they suggest they had any other or different defense. The result is that plaintiff was entitled not only to have its demurrer sustained to the answer of the defendants, but was entitled to have judgment for the amount of the tax collected under the two mills excessive levy.

The judgment of the court below is reversed, with directions to enter judgment for plaintiff for the amount of the taxes paid by it and represented by the excessive two mills levy.