No. 32,063

The Beloit Building Company, *Appellant*, v. J. A. Quinn and Eda Quinn, *Appellees*.

(41 P. 2d 762)

Opinion filed March 9, 1935.

*Leon W. Lundblade, Frank A. Lutz* and *A. E. Jordan,* all of Beloit, for the appellant.

*R. L. Hamilton, Max L. Hamilton* and *Ralph H. Noah,* all of Beloit, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This was an action for specific performance of a party wall option contract after the defendant had exercised her option in favor of purchasing a half interest in the wall, already constructed, and also for an injunction to prevent her from using the wall without complying with the terms of the contract.

A copy of the party wall option contract was attached to the petition, also a copy of a supplemental contract, a copy of a stipulation of acceptance and a copy of a disputed appraisement award. Later an amended petition was filed, repleading all the allegations of the original petition and the exhibits attached, and further pleading concerning controverted matters in the stipulation and in the originally prepared award asking that they be reformed and corrected, alleging full compliance on the part of the plaintiff and a tender of deed and offer to do any and all things required of it by the terms of the contract. After the overruling of a demurrer to the amended petition defendant filed an answer admitting the execution of the original and supplemental party wall contracts and the appointment of appraisers thereunder. These admissions were followed by a general denial and allegations of ambiguity in the original contract and that it should be reformed. Plaintiff filed a reply consisting of general and special denials of the allegations of the answer.

After the opening statement of the attorney for the plaintiff, the defendant interposed the following motion:

"Comes now the defendant and moves the court for judgment on the pleadings and opening statement as far as specific performance is concerned, for the reason that the facts pleaded and stated preclude the plaintiff from recovering, and further as to any damages, we request a trial by a jury as to any damage feature, which is not in equity."

During the argument on this motion the defendant was permitted to withdraw from her answer all allegations upon which the prayer for reformation of the original contract was based, together with the prayer for relief. And the plaintiff called the court's attention to offers made by it in its petition and amended petition to make such further performance of the terms of the contract as might be proper on its part and to do all other things and acts which the court might deem equitable and proper, and in all respects to do

equity in the premises. The following closing paragraph of the journal entry gives the ruling of the trial court on the motion:

"Thereupon it was ordered, adjudged and decreed by the court that said motion for judgment on the pleadings made by the defendants be and the same was sustained as far as any claimed right of plaintiff as to specific performance of the contracts set up in plaintiff's pleadings and as to all rights of injunction sought thereunder and as to all equitable relief asked for, and it was further ordered and decreed by the court that this action proceed as an action at law and that the defendant's request for trial by jury be and the same was granted. To all of which judgments and decrees the plaintiff duly objected and excepted."

From this ruling the plaintiff appeals.

The petition alleges that the original party wall option contract was made and executed May 7, 1889, by the plaintiff as owner of the west half of lot eight and the then owners of the east half of said lot, which contract was duly recorded in the office of the register of deeds of Mitchell county, Kansas, on February 15, 1890, and that the supplemental contract was made between the same parties on the 12th day of March, 1910, concerning the extension of the party wall to the rear of the lot, and it was recorded in the office of the register of deeds of said county on May 5, 1910, and that thereafter the defendant, Eda Quinn, became the owner of the east half of said lot. That in January, 1933, the defendant and her husband commenced the erection of a brick building on the east half of said lot, and about February 18, 1933, she made and executed a formal written election to purchase under the contract and to join the wall theretofore constructed by the plaintiff as the west wall of her building, and joined the plaintiff in the selection of arbitrators to appraise the value of the wall and the use of a strip of land on which a part of the party wall stands. That thereafter a majority of the arbitrators rendered an award. That copies of the stipulation and award are attached as exhibits. That plaintiff tendered into court a conveyance in accordance with the terms of the contracts to be delivered to defendant upon payment by her of the award. That no part or portion of the award has been paid, and defendant has continued with the erection of her building and completed the same by using the party wall by attaching beams and other supports thereto.

In the amended petition plaintiff calls attention to what it terms mistakes in the phraseology of the stipulation in one particular and the language of the original form of award to show that they are out

of harmony with the terms of the original party wall contract, and asks reformation thereof to agree with the original contract.

With such as the general substance of the amended petition met by an answer consisting of general and special denials, the question on appeal is mainly whether this is an equity case for specific performance of a contract and for injunction, or, as held by the trial court, only an action at law for trial by a jury.

The defendant, in support of the views accepted by the trial court, maintains that the contract has been fully performed except as to the amount to be paid, about which there is a disagreement, and that being solely a question of damages, it is a question for a jury, and plaintiff has an adequate remedy at law, citing *Young v. Schwint,* 108 Kan. 425, 195 Pac. 614, where it was held in an action for specific performance of a contract for the sale of land, that specific performance is not a matter of course and that it would be decreed only when upon all the facts it is equitable that it should be done, and where it was doubtful whether the minds of the parties ever met in respect to the meaning of certain terms, and in view of all the circumstances and the great inadequacy of price specific performance should not be ordered.

Appellee also cites *Seward v. Seward,* 59 Kan. 387, 53 Pac. 63, where a widow sued to recover from a life-insurance company the amount of a beneficiary certificate on the life of her husband, alleging that others claimed some interest in the matter, making them defendants, and they in turn answered that the deceased had, just prior to his death, revoked the former arrangement as to beneficiary and named one of the defendants instead. To this the plaintiff replied that at the time of the alleged change the deceased was mentally incapable of making the change, and it had been procured by fraud, duress and undue influence. The money was paid into court, and the case was tried by a jury to determine which party should have the money. This court held that it was neither commenced nor tried as an equity case, the action being for the recovery of money only, and was properly submitted to a jury.

Our attention has also been directed to a number of cases where plaintiff sought to recover possession of real property, and they were held to be actions at law and either party would be entitled to demand a jury.

In the case of *Chadsey v. Condley,* 62 Kan. 853, 62 Pac. 663, it was held:

"An optional agreement to sell and convey land, signed by the owner alone, although unilateral at its inception, becomes absolute and mutually binding on both parties if the option be accepted by the vendee within the time and on the terms specified; and such an agreement will be specifically enforced, if fairly made and for a sufficient consideration." (Syl. ¶ 1.)

It was held in the case of *Knipe v. Troika,* 92 Kan. 549, 141 Pac. 557, that—

"In an action for the specific performance of a contract to convey real estate, and as a minor consideration to deliver personal property also, an order made upon the trial of the principal issue that questions concerning the delivery of the personal property and damages for default should be tried afterward, upon a modification of the pleadings to more clearly present that issue, is not erroneous." (Syl. ¶ 4.)

The case of *Municipal Power Transmission Co. v. City of Lyndon,* 127 Kan. 59, 272 Pac. 158, was where there had been a contract between two cities whereby one was to furnish electric current to the other, and it did so for several years, then the selling city sold its distributing plant to another party and assigned its contract with the other city, which was fulfilled for two more years, when the purchasing city repudiated the contract, and it was held the assignee of the contract was entitled to specific performance.

In the mining case of *Zelleken v. Lynch,* 80 Kan. 746, 104 Pac. 563, where the owner of lots made a long-term oral lease thereof for mining purposes and the tenant entered into possession, made expensive preparations and developed the property and operated the mines thereon for three years, after which the owner refused to execute the lease for the agreed period, it was held:

". . . that as against a claim of want of mutuality in the obligation and remedy of the parties specific performance of the oral agreement should be decreed." (Syl. ¶ 2.)

The language of the stipulation, which it is alleged in the amended petition is out of harmony with the contract and should be reformed, is as follows:

". . . and the value of the use of the land occupied by said one-half of said wall upon the land of said Eda Quinn, as of this date."

The language of the originally prepared award which was crossed off by the arbitrators and said by plaintiff to need reformation to agree with the terms of the contract is as follows:

"We, the undersigned, having been selected and duly qualified to appraise the value of one-half of the property wall of the building owned by the Beloit Building Company, being that part extending upon the east half of lot eight,

block twelve, in the city of Beloit, Mitchell county, Kansas, and to appraise the value of the use of wall, to wit, nine inches upon which said wall stands."

In the original party wall option contract the parties of the first part were the owners of the east half of lot eight and grantors of the defendant Eda Quinn, and the party of the second part is the plaintiff herein and owner of the west half of said lot eight, and was the owner thereof in 1889 when the contract was made.

The part of the original contract particularly necessary to compare with the above alleged mistaken statements is as follows:

"In consideration of the right of use of said premises of said parties of the first part hereinbefore described, the said party of the second part hereby promises, covenants and agrees that in case the said parties of the first part shall at any time hereafter elect to build a stone or brick building on the east half of said lot number eight (8), and shall elect to join said wall of the party of the second part, and use the said wall as one wall of said building, then said party of the second part hereby agrees to sell said parties of the first part one-half of their said wall; and the price or sum of money *to be paid to said party of the second part by said parties of the first part* shall be ascertained as follows: The parties of the first part shall select one person to act as arbitrator, and party of the second part shall select one person as an arbitrator, and the said two persons so selected shall choose a third person to act with them; and said three persons so chosen *shall appraise the value of one-half* of said wall and the value of the right of use of nine inches of ground upon which said wall stands, being the number of inches of ground upon which said wall stands, *being the number of inches of ground in excess of one-half on which said wall shall stand, owned by the party of the second part,* the value of wall and use of ground to be appraised at the value at the time party of the first part shall elect to erect a building on said lot and use said wall. *Said party of the first part shall pay to said party of the second part the sum of money so named by said appraisers, as aforesaid."* (Italics ours.)

The stipulation in which the first of the alleged mistakes occurs refers to this original contract by its date and is an acceptance of the option therein provided, and a careful reading of the portion of the contract, particularly the parts italicized, plainly shows that the only payments provided to be made thereunder are to be made by the parties of the first part to the party of the second part, and the value of the use of the nine inches of ground upon which the wall stands is that which is in excess of one-half on which the wall stands and owned by the party of the second part. There was therefore something before the trial court for reformation by virtue of the allegations of the plaintiffs' amended petition, as this reference in the stipulation to the value of the use of the land of Eda Quinn is

entirely out of harmony with the definite terms of the contract which the stipulation states defendant is accepting.

It can also be said that the language of the originally prepared award distorts and changes the definite terms of the contract, which it was supposed to follow, and it, too, needs reforming as requested in the amended petition. The award alleged to have been made properly shows that under the terms of the contract the two items go together, but it is said that the award was rendered by only a majority of the arbitrators and in the absence of the third. For this reason it may not, in its present form and substance, be effective, although if otherwise proper a majority may render an award, as stated in R. S. 6-107.

It was held in the case of *Swisher v. Dunn*, 89 Kan. 412, 131 Pac. 571, that awards of arbitrators, if irregular in any particular, may be set aside.

In the case of *Haston v. Citizens State Bank*, 132 Kan. 767, 297 Pac. 1061, it was held:

"The court, having held that the plaintiff was not entitled to the specific performance asked and having before it all the interested parties and all the evidence pertinent to the transaction out of which the controversy arose, was warranted in proceeding to determine the rights of the parties and to administer equity between them." (Syl. ¶ 4.)

In the opinion in the case of *Guild v. Railroad Co.*, 57 Kan. 70, 45 Pac. 82, it was said, at page 80:

"It would seem to be settled, under the authorities, that where there is an agreement for the purchase and sale of lands or chattels to be appraised by third parties, and such agreement is upon a valid consideration, and where the appraisement is rather an incident of the contract than a single subject of agreement between the parties, one party may not retain an advantage gained by the contract and revoke the authority of the appraisers."

In an action for specific performance it was said:

"Where in such action the plaintiff asks for the conveyance of a specific tract, upon the ground that the defendant had selected it, although such selection may be ineffective because not made in writing, the petition is not on that account demurrable, for it may state facts sufficient to entitle the plaintiff to a conveyance of some portion of the larger tract, although he may not be entitled to the very part claimed." (*Peckham v. Lane*, 81 Kan. 489, syl. ¶ 2, 106 Pac. 464.)

The following statements from opinions rendered outside of this state are pertinent:

"An option to buy or sell land, more than any other form of contract, con-

templates a specific performance of its terms and it is the right to have them specifically enforced that imparts to them their usefulness and value." (*Watts v. Kellar,* 56 Fed. 1, 4.)

"A vendor of real estate may recover the purchase money by a suit in equity for specific performance in every case where the vendee would have the right by such a suit to compel the execution and delivery of a deed by the vendor." (*Raymond v. San Gabriel Val. Land and Water Co.,* 53 Fed. 883, syl. ¶ 1.)

"Where in a contract of sale of real estate at a ·price to be fixed by appraisers chosen by the parties, the stipulation for the valuers is not a condition nor the essence of the agreement, but is subsidiary or auxiliary to its main purpose and scope, and the parties may not be left or placed in *statu quo* by a refusal to enforce the contract, a court of equity may.determine the price itself, by its master or by appraisers of its own selection, and may enforce specific performance of the agreement of sale." (*Castle Creek Water Co. v. City of Aspen,* 146 Fed. 8, 12.)

Under the above authorities we have no hesitancy in concluding that the claim of the plaintiff in its amended petition states a cause of action in equity for specific performance, and should be tried by the court, and that under the terms of the original contract the plaintiff should recover not only for the value of one-half of the wall but also the value of the right of use of nine inches of ground upon which the wall stands, being the number of inches of ground in excess of one-half on which it stands, owned by the plaintiff.

The matter of the regularity of the action of the arbitrators in making and reaching an award is not, strictly speaking, here on appeal. It was not passed upon by the trial court. Neither is the matter of the right to an injunction before us at this time, except to state that the granting of such rests in the sound discretion of the trial court.

The ruling of the trial court on the motion of the defendant is reversed and the cause is remanded with instructions to continue the trial of said cause as a case in equity for specific performance in accordance with the construction placed herein upon the terms of the original contract.