No. 32,869

Tom Stroud, *Appellee,* v. The Sinclair Refining Company, *Appellant.*

(64 P. 2d 1256)

Opinion filed February 20, 1937. Special mandate to trial court. (For original opinion of reversal, see 144 Kan. 74, 58 P. 2d 77.)

*A. M. Etchen,* of Kansas City, *Walter E. Brown* and *Roger B. Jones,* both of Kansas City, Mo., for the appellant.

*G. E. Gard, J. E. Schroeder, Leonard Thomas* and *Martin C. Crawn,* all of Kansas City, for the appellee.

*Per Curiam:* This matter comes before us on a motion by appellant to compel obedience by the trial court to the mandate sent to that court in accordance with the opinion filed June 6, 1936, appearing in 144 Kan. 74, 58 P. 2d 77.

The action was one to recover damages, and was tried and submitted on the theory the doctrine of *res ipsa loquitur* applied. The defendant demurred to plaintiff's evidence and appealed from an adverse ruling. We reversed the trial court, the opinion concluding:

"The judgment of the trial court is reversed and the cause remanded with instructions to sustain defendant's demurrer to plaintiff's evidence." (p. 78.)

Thereafter the appellee filed in this court his petition for a rehearing in which, as part thereof, he stated:

"Granting this court's ruling on demurrer to have been correct, is plaintiff not entitled to a new trial on cause of action alleging specific negligence?"

supporting the question with argument.

This court denied the petition for rehearing, and thereafter the mandate was sent to the trial court, and on July 7, 1936, was filed and spread of record in that court.

Thereafter, on December 29, 1936, in the trial court, appellee

filed a motion stating that no request had been made to sustain the demurrer in accordance with our mandate, that the order had not been carried out; that he had a cause of action against the defendant in which the issues had not been made up, and requesting leave to dismiss the above-entitled action without prejudice and at his costs. On the hearing of this motion on January 7, 1937, the court made its order reciting the trial of the action and that it was submitted to the jury solely on the doctrine of *res ipsa loquitur*, which returned a verdict in favor of plaintiff; that on appeal this court reversed, finding specifically as above quoted, and the trial court found the order of this court should be carried out and sustained the demurrer. It then found that by the order of this court no final judgment was ordered. The order then recites that plaintiff moved for an order setting aside the order sustaining the demurrer and for leave to amend his petition, and the trial court thereupon found plaintiff was entitled to amend his petition and present evidence in support thereof, or that he was entitled to dismiss without prejudice. The plaintiff requested time to amend and the trial court then ordered that the order sustaining the demurrer be set aside and plaintiff given time to file an amended petition.

Thereafter, on January 16, 1937, and in the time allowed, plaintiff filed an amended petition alleging specific acts of negligence in connection with the identical injuries which were the subject matter of the original petition on which the above cause was originally tried, determined, appealed and reversed.

Thereafter, and on January 30, 1937, appellant filed its motion in this court to compel obedience to our mandate.

Both parties have filed their briefs on said motion.

It will be observed that the demurrer under consideration on appeal was not to plaintiff's petition but to plantiff's evidence, the cause having been submitted to the jury under instructions with respect to the sole question whether under the doctrine of *res ipsa loquitur* plaintiff was entitled to recover. While it might have avoided misunderstanding if our order and the mandate following had stated explicitly the trial court should render judgment for defendant, the fact that it was not more complete cannot avail the appellee. When the mandate was received and spread in the lower court, the court should have entered the order sustaining the demurrer, as it later did. That order made in pursuance to the mandate was final and the trial court was thereafter without power to set aside the order

sustaining the demurrer. The effect of its ruling is two-fold. It permits a litigant defeated on the theory on which he first presented his cause, to try it again on another theory, a thing not permitted. (*Watson v. Watson,* 110 Kan. 326, 203 Pac. 714.) It nullifies the mandate of this court, which will not be permitted. (*Chicago, R. I. & P. Rly. Co. v. Nichols,* 133 Kan. 480, 300 Pac. 1064, and cases cited.)

Appellant's motion to compel obedience will be allowed. The special mandate of this court will issue to the trial court, directing it to set aside all of its order of January 7, 1937, except that part sustaining the demurrer of appellant to appellee's evidence, to render judgment in favor of appellant, and to strike from its files the amended petition, filed by appellee.