No. 33,182

THE BELOIT BUILDING COMPANY, *Appellant,* v. J. A. QUINN and EDA QUINN, *Appellees.*

(66 P. 2d 549)

Opinion
filed April 10, 1937.

*Leon W. Lundblade, Frank A. Lutz* and *A. E. Jordan,* all of Beloit, for the appellant.

*R. L. Hamilton* and *Ralph H. Noah,* both of Beloit, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: The action was for the specific performance of a party-wall agreement. Judgment was rendered for the defendants, and plaintiff appeals.

This is the second chapter in the history of the litigation over this party-wall contract. See *Beloit Bldg. Co. v. Quinn,* 141 Kan. 408, 41 P. 2d 762, and opinion on rehearing, 141 Kan. 762, 44 P. 2d 232.

For a succinct statement of the facts we quote from our former opinion:

"The petition alleges that the original party-wall option contract was made and executed May 7, 1889, by the plaintiff as owner of the west half of lot eight and the then owners of the east half of said lot, which contract was duly recorded in the office of the register of deeds of Mitchell county, Kansas, on February 15, 1890, and that the supplemental contract was made between the same parties on the 12th day of March, 1910, concerning the extension of the party wall to the rear of the lot, and it was recorded in the office of the register of deeds of said county on May 5, 1910, and that thereafter the defendant, Eda Quinn, became the owner of the east half of said lot. That in January, 1933, the defendant and her husband commenced the erection of a brick building on the east half of said lot, and about February 18, 1933, she made and executed a formal written election to purchase under the contract and to join the wall theretofore constructed by the plaintiff as the west wall of her building, and joined the plaintiff in the selection of arbitrators to appraise the value of the wall and the use of a strip of land on which a part of the party wall stands. That thereafter a majority of the arbitrators rendered an award. That copies of the stipulation and award

are attached as exhibits. That plaintiff tendered into court a conveyance in accordance with the terms of the contracts to be delivered to defendant upon payment by her of the award. That no part or portion of the award has been paid, and defendant has continued with the erection of her building and completed the same by using the party wall by attaching beams and other supports thereto.

"In the amended petition plaintiff calls attention to what it terms mistakes in the phraseology of the stipulation in one particular and the language of the original form of award to show that they are out of harmony with the terms of the original party-wall contract, and asks reformation thereof to agree with the original contract.

"With such as the general substance of the amended petition met by an answer consisting of general and special denials, the question on appeal is mainly whether this is an equity case for specific performance of a contract and for injunction, or, as held by the trial court, only an action at law for trial by a jury." (p. 410.)

Our ruling in the former case was as follows:

"Under the above authorities we have no hesitancy in concluding that the claim of the plaintiff in its amended petition states a cause of action in equity for specific performance, and should be tried by the court, and that under the terms of the original contract the plaintiff should recover not only for the value of one half of the wall but also the value of the right of use of nine inches of ground upon which the wall stands, being the number of inches of ground in excess of one half on which it stands, owned by the plaintiff. . . . The ruling of the trial court on the motion of the defendant is reversed and the cause is remanded with instructions to continue the trial of said cause as a case in equity for specific performance in accordance with the construction placed herein upon the terms of the original contract." (p. 415.)

After the mandate in the former appeal was entered in the district court defendants filed a motion to file an amended answer, which motion was granted by the court. The amended answer contained substantially the same allegations as their answer in the original case, and in addition set up new matter. As new matter defendants' amended answer alleged:

"Defendants further say that the west side of defendants' lot, owned by defendants, extends to the middle of the wall; and, since defendants own the ground on which half of said wall stands, plaintiff is not entitled to its interpretation of said contract. By reason of said wall not being built at the place agreed to in said contract there was a violation of said contract by the plaintiff and voids the said contract, and, in event the court should find the wall was built at the place agreed to, then and in that event, there was a mutual mistake of the parties as to its location, as to the amount of ground used by each, and said contract is void by reason of a mutual mistake of material fact. The defendants did not learn of the true location of said boundary line until after this suit was filed and during the latter part of the year 1933. . . .

"For further answer the defendants say that subsequent to the agreement of 1912 the plaintiff violated said agreement by then and there placing upon the property of the defendants, and their predecessors in title, a fire-escape stairway twenty-seven inches upon said property in excess of the wall upon said property of the defendants and twenty-eight feet long. That prior thereto, and the defendants are informed and verily believe and therefore allege the fact to be, that at the time of the building of the original wall, large fire doors were placed over the windows in three places, the fire doors, brackets, rollers and hangers protruded from the wall and over the property of the defendants in excess of three inches, and about the same time, in violation of said agreement, constructed a coal chute of stone and masonry, forty inches wide and thirty-six inches upon the defendants' property, all of which was in violation of the written agreement, plaintiff's exhibits 'A' and 'B' attached to plaintiff's petition, by reason of which the plaintiff has violated its contract and has no standing in the suit in equity to seek affirmative redress, and in event the court should uphold said contract, in the alternative, the defendants pray for such damages as will compensate them for the damage to their right of possession thereby."

The plaintiff moved to strike out the amended answer, which motion is as follows:

"Comes now the above-named plaintiff, and moves the court now here to strike out each and every paragraph, sentence and word, respectively, of the amended answer of the defendants on file herein, for the reasons that the issues in this action were heretofore fully made up before an appeal was taken to the supreme court of the state of Kansas herein. That said appeal has been heard by the supreme court and each and all of the matters attempted to be set up in said amended answer were heard and determined, or were in existence, and could have been pleaded, heard and determined by the supreme court, and are now *res adjudicata* as shown by the records and files of this court in this cause, and that to permit any part or portion of said amended answer to remain on file herein, or to be considered by this court, would be contrary to the mandate of the supreme court of the state of Kansas on file herein. That said mandate has directed this court to proceed with the trial of this cause and to determine and allow the plaintiff for one half of the value of the wall, and also to determine and allow the plaintiff the value of the right of use of nine inches of ground owned by the plaintiff as specifically set out in such mandate."

This motion was overruled, and thereupon the plaintiff filed its reply to the amended answer. On the issues thus joined the case was tried by the court. The court made findings of fact and conclusions of law, and finally entered judgment against plaintiff denying specific performance, and gave judgment against plaintiff for costs.

The action of the court in permitting the defendants to file an amended answer and then to try the case on the new issues thus

framed was error. In the recent case of *Stroud v. Sinclair Refining Co.,* 145 Kan. 214, 64 P. 2d 1256, the effect of the action of the trial court in disregarding the mandate of this court was stated:

"The effect of its ruling is twofold. It permits a litigant defeated on the theory on which he first presented his cause, to try it again on another theory, a thing not permitted. (*Watson v. Watson,* 110 Kan. 326, 203 Pac. 714.) It nullifies the mandate of this court, which will not be permitted. (*Chicago, R. I. & P. Rly. Co. v. Nichols,* 133 Kan. 480, 300 Pac. 1064, and cases cited.)" (p. 216.)

From a study of the record in this and in the former appeal it seems this persistent litigation is the result of a misapprehension of the meaning of the party-wall agreement. We therefore add a word that may clarify the dispute.

It is settled in this jurisdiction that a party-wall agreement of the type now before us runs with the land and that it is not merely a contract binding on the original parties, but that the benefits and burdens of the covenants pass to the subsequent owners and are binding on them as well. (*Southworth v. Perring,* 71 Kan. 755, 81 Pac. 481.)

The agreement of May 7, 1889, gave the plaintiff, the Beloit Building Company, the privilege of extending the foundation stones of the wall then being built "nine inches on the west side of said east half of lot number eight, and the east cellar wall of said building may extend three inches on the west side of the east half" of said lot. This language created an easement in favor of the dominant estate owned by the plaintiff and against the servient estate then owned by the O'Donnells. This instrument was of record, and when the defendants, the Quinns, acquired title to the east half of lot eight they were charged with notice of and their estate was burdened with this easement. It passed with the land as appurtenant thereto. An easement is a valuable property right. In extending the foundation nine inches on the land of the nonbuilders, the builders were not trespassers and they are not trespassers now. They acquired the easement in a lawful way, and the contention that they are chargeable with the use of said nine inches since the date of the agreement is based on a misconception of the legal relations between the parties.

On the other hand, the nonbuilders, the O'Donnels and their successors, by the agreement acquired certain valuable rights and privileges. They acquired an interest in the wall that was built, which would become complete ownership in their half of the wall when payment was made as specified. This interest so acquired was

more than a mere option in gross to buy the half interest. It was a vested interest. If it was a mere option to purchase at some remote time in the future it would run headlong into the rule against perpetuities and the option would have been void. (*Henderson v. Bell,* 103 Kan. 422, 173 Pac. 1124; *London & S. W. Ry. Co. v. Gomm,* (1882) 20 Ch. Div. 562; Gray, Rule against Perpetuities, 3d ed., § 330.) But an option appurtenant, that is, an option given an adjoining owner in a party-wall agreement, has never been held to violate the rule against perpetuities. Such construction would destroy all party-wall agreements where the option in the nonbuilder to purchase was not limited to a time within the rule.

The agreement also gave the O'Donnells and their successors in title the right to acquire an easement in the nine inches of land owned by the plaintiffs in which their half of the wall, when title was acquired by payment, would rest. The agreement specifies that this easement described therein as "the value of the right of use of nine inches of ground upon which said wall stands" shall be valued and appraised by the arbitrators and paid for at the time the option to purchase one half of the wall is exercised. This contract the parties had a right to make. That it was reasonable appears from the fact that after twenty-one years it was renewed as to that part of the wall extending northward, and that in 1933 the present defendants elected to accept the terms of the agreement, and joined in the selection of the arbitrators.

The premises considered, the judgment of the lower court must be reversed and remanded with instructions:

First: To strike from the files the amended answer of the defendants, and to vacate the proceedings and judgment entered in the lower court, since the mandate in the former appeal was entered in the lower court.

Second: The court shall proceed with the trial of the cause upon the issues as joined for the former trial.

Third: If the court shall decree specific performance as asked for by plaintiff the court shall ascertain the value of one half of the wall and the value of the use of the nine inches of plaintiff's land upon which such one half of the wall rests. In arriving at the amount to be paid plaintiff no allowance is to be made to defendants for the use of the nine inches of land of the defendants upon which the foundation rests. The court shall further order that the plaintiff shall have a lien on the east half of lot eight owned by defendants

for the payment of the amount so found, and the plaintiff shall be directed to deliver a deed to the defendants for one half of the wall when payment of the amount so found is made to the plaintiff by defendants. If specific performance shall be decreed then the order shall be that each party shall pay his costs.

Fourth: If, however, the court upon the trial so had shall not find it equitable and just to decree specific performance of the agreement as prayed for by plaintiff, it shall thereupon issue an order restraining and enjoining defendants, their heirs and assigns, from using or interfering with the wall of the plaintiff. The order, in such case, shall be that defendants shall wholly and completely detach their building from the plaintiff's wall, not only as to the ceiling joists and flashing of the roof, but also as to the floor joists, and every part thereof, and that plaintiff's wall shall be repaired and restored to its former condition, and that all costs in the case shall be taxed against the defendants.

Reversed and remanded with directions.